whether he may become liable to different persons for the same debt and encounter the danger of paying it twice. There is no such peril here present, for a judgment in favor of the holder, the plaintiff, would be a bar to any other suit on the same note, and payment to the holder would discharge the note utterly. Madison Square Savings Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751; Twelfth Ward Bank v. Brooks, 63 App. Div. 220, 71 N. Y. Supp. 388; Hayes v. Hathorn, 74 N. Y. 486.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

## SEIDE v. NEWKIRK.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—RIGHT TO.

　　A defendant is not entitled to an examination of plaintiff before trial concerning matters which plaintiff must first establish before he can recover, and as to which plaintiff will be subject to cross-examination at the trial.

　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

　　Ingraham, P. J., and Scott, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Henry Seide against William F. Newkirk. From an order denying a motion to vacate an order for plaintiff's examination before trial, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Jacob Newman, for appellant.

Edgar Whitlock (Julian C. Harrison, of counsel), for respondent.

CLARKE, J. The moving affidavit states that the action is to recover the sum of $15,000 for alleged fraud practiced upon plaintiff by defendant in connection with the purchase by defendant of the plaintiff's one-half interest of a certain lease of premises 48 West Forty-Third street. The claim of the plaintiff is that defendant misrepresented the amount of an existing indebtedness of the said plaintiff to this defendant, with the intent to deceive and defraud the plaintiff, and by means of such misrepresentations induced the plaintiff to give the defendant credit for a larger amount on the purchase price of the plaintiff's interest in the leasehold than the plaintiff would otherwise have been willing to allow. The answer contains a general denial, and as a further and separate defense that the plaintiff and defendant had for some time prior to the transaction complained of been half owners of the lease in question; that the defendant had incurred all the expenses in connection therewith, and paid the expenses himself, and that the plaintiff was wholly unable to pay his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

share of the expenses already incurred, or those which were about to accrue; that the proposal that the plaintiff sell his one-half interest in the leasehold originated with the plaintiff, and not with this defendant; that the plaintiff well knew, at least approximately, what moneys had already been advanced by this defendant for the joint account of the parties; and that the amount to be paid by the defendant to the plaintiff for plaintiff's one-half interest in the leasehold was not influenced by any representations made by the defendant to plaintiff as to the amount theretofore advanced by this defendant in connection with said lease.

It is claimed that the examination of the plaintiff is material and necessary to establish the defense of the defendant upon the trial for the following reasons: The facts as to plaintiff's knowledge and means of knowledge, at the time of and prior to the alleged fraud, of the very matters in which he claims he was deceived by defendant, can be shown by his own admissions upon such examination, and with difficulty, if at all, in any other way. Deponent also desires by means of the examination of the plaintiff to show, among other things: (1) That the plaintiff knew what amounts had been advanced by this defendant in connection with said leasehold, and the amount of the obligations incurred, and about to accrue at the time of the transaction complained of; (2) that no misrepresentations were made to the plaintiff as to the amount advanced in connection with said leasehold; (3) that the plaintiff was not induced to sell his share of the leasehold by means of any representations made by the defendant, but did so voluntarily, and with the same knowledge, or means of knowledge, of all the surrounding circumstances as this defendant.

It is quite apparent that the matters defendant alleges that he expects to disprove by the plaintiff's evidence are the very matters that the plaintiff must prove to make out his prima facie case. Plaintiff must prove these matters by his own testimony, and if he fails to prove them he has no cause of action. Defendant is not attempting to obtain testimony to establish his defense. What he is endeavoring to accomplish is the cross-examination of the plaintiff before trial about his own case. Where it is obvious that every particle of material testimony about which the defendant wishes to interrogate the plaintiff is that which the plaintiff himself must first establish, he is not entitled to an examination before trial.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs.

McLAUGHLIN and LAUGHLIN, JJ., concur.

SCOTT, J. I dissent. I do not think that it is entirely clear that everything defendant can elicit by an examination of plaintiff are matters which plaintiff must prove as part of his case. In any event, if plaintiff has just cause for complaint, no injustice will be done by his examination.

INGRAHAM, P. J., concurs.