(93 Misc. Rep. 130)

### KIRCHER v. GOEBEL.

(Supreme Court, Appellate Term, First Department. January 18, 1916.)

DISCOVERY ☞38—EXAMINATION BEFORE TRIAL—PROPRIETY.

In an action by a client's assignee to recover against an attorney damages occasioned the client by the attorney's failure to advise that the client had a defense against a tax lien, granting defendant attorney examination before trial of plaintiff, the client's assignee, as to all conferences between the client and the attorney with respect to the tax lien, matters that the plaintiff assignee had to prove to make a prima facie case, was improper, where plaintiff swore in his complaint that the client was not advised by the attorney, and there was no reasonable ground to believe that plaintiff would swear to the contrary on his examination, although examination of an adverse party is allowable, not only to obtain testimony to establish a cause of action or defense, but to meet and overcome the cause or defense of the other party.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. ☞38.]

Appeal from City Court of New York, Special Term.

Action by Louis H. Kircher against Sophie F. Goebel, as executrix of Lewis S. Goebel, deceased. From an order denying plaintiff's motion to vacate an order for his examination before trial, he appeals. Order modified and affirmed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Wallace A. Kroyer, of New York City (Ralph Barnett, of New York City, of counsel), for appellant.

Geo. V. Grainger, of New York City, for respondent.

GUY, J. The complaint in this action, originally brought against an attorney, now deceased, contains two counts. In the first count it is alleged that the defendant, retained to advise one Molter, plaintiff's assignor, with regard to the extension of a mortgage held by

Molter, negligently failed to ascertain and inform his client of arrears of taxes upon the mortgaged property, by reason of which the client was compelled to pay $570.68 to satisfy and discharge a tax lien sold by the city of New York for the nonpayment of the taxes, and the costs and disbursements of a suit brought to foreclose the lien; and in the second count it is alleged that the defendant advised the client that he had no defense to the action to foreclose the tax lien, and that on defendant's advice Molter made the expenditures specified in the first cause of action, although as a matter of fact he had a good defense to the action to foreclose the lien because of the omission of the word "arrears" from the bill for the 1912 taxes against the mortgaged property.

Defendant by appropriate denials put in issue the material allegations of the complaint, and set up as a defense that the plaintiff's assignor, Molter, was fully advised by the defendant with regard to the omission of the word "arrears" from the 1912 tax bill, and as a further defense alleged that the plaintiff's assignor brought an action to foreclose his mortgage, in which action the defendant was his attorney; that the complaint in that action demanded a deficiency judgment against the defendant D'Onofrio, the owner of the fee, who had joined with the mortgagee in the extension agreement alleged in the complaint herein; and that after the beginning of the foreclosure action the mortgagee (plaintiff's assignor) for a valuable consideration agreed with the defendant D'Onofrio not to ask a deficiency judgment against him, in pursuance of which agreement, although there was a deficiency judgment in the action, no judgment for such deficiency was entered against that defendant.

After joinder of issue in this action the defendant obtained an order for the examination of the plaintiff before trial with regard to conferences at defendant's office respecting the terms and conditions of a stipulation under which no deficiency judgment was entered against D'Onofrio, and conferences with respect to the rights of plaintiff's assignor against the city of New York because of the omission of the word "arrears" from the tax bill for 1912. Plaintiff moved to vacate the order, and from the order denying the motion he appeals.

An examination of an adverse party before trial may be allowed, not only to enable the party applying for the examination to obtain testimony to establish his cause of action or defense, as the case may be, but to meet and overcome the case or defense of the other party. Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318; Berg v. William Horne Co., 146 App. Div. 412, 131 N. Y. Supp. 262. In so far as the second count of the complaint is concerned, it would be a defense to that count if the attorney had, as claimed in the answer, fully advised the mortgagee with respect to his rights. The plaintiff, however, swears positively in the complaint that the mortgagee was not advised by the attorney with regard to the alleged defense in the action to foreclose the tax lien, and that the attorney advised him to satisfy that lien. No reasonable ground is shown to believe that the plaintiff will swear directly contrary to what he has sworn in the complaint; and in fact the matters that defendant expects

to prove by the examination in that regard are the very matters which plaintiff must prove to make out a prima facie case under the second count. Under these circumstances defendant should not be allowed to examine the plaintiff regarding the alleged defense to that count. Siede v. Newkirk, 148 App. Div. 864, 133 N. Y. Supp. 623; H. G. Vogel Co. v. Geo. Backer Cons. Co., 148 App. Div. 639, 133 N. Y. Supp. 225.

It is not claimed that the death of the original defendant deprives the defendant of any witness, or of the only witness to establish the defense, so that this case does not come within the rule laid down in Alden v. O'Brien, 138 App. Div. 249, 122 N. Y. Supp. 910. Indeed it is stated in appellant's brief, without contradiction by the respondent, that the matters set forth in the complaint were attended to in the attorney's office, not by him personally, but by his assistants, who are now alive and accessible to prove the facts.

As to that part of the order directing an examination of the plaintiff before trial with regard to conferences at defendant's office regarding the terms and conditions of a stipulation under which no deficiency judgment was entered against the owner of the mortgaged premises, while there is doubt as to the necessity of this inquiry, we see no reason for interfering with the direction for such examination.

Order appealed from modified, by vacating that portion which directs plaintiff's examination respecting conferences regarding the rights of plaintiff's assignor against the city of New York, and, as so modified, affirmed, without costs, but with disbursements to the appellant. All concur.