HARRY C. CURTIS, Appellant, *v.* VICTOR ALBERT SEARLES, Respondent.

First Department, July 6, 1923.

**Depositions — action by non-resident to recover for legal services — plaintiff cannot be examined by defendant before trial as witness for purpose of disproving amount claimed — examination denied where it is not shown that examination is material and necessary to defense.**

In an action by a non-resident to recover for legal services rendered to the defendant, the defendant is not entitled to examine the plaintiff as a witness before trial upon the ground that he resides more than 100 miles from the place of trial, for the purpose of disproving that the services rendered by the plaintiff were of the value alleged and that the defendant agreed to pay the amount sued for; the Civil Practice Act (§ 288 *et seq.*) does not permit the examination of a party to an action as a witness rather than as an adverse party.

The examination of a plaintiff before trial will be denied where it is not shown that the examination is material and necessary to the defendant for his defense to the action.

APPEAL by the plaintiff, Harry C. Curtis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of May, 1923, granting defendant's motion that a commission issue for the purpose of examining the plaintiff before trial without the State.

*Selig Edelman* [*Martin W. Littleton* and *Lamar Hardy* with him on the brief], for the appellant.

*Hays, Hershfield & Wolf* [*Ralph Wolf* of counsel], for the respondent.

McAVOY, J.:

The order made at Special Term grants defendant's motion for a general and unlimited examination of the plaintiff before trial at Providence, R. I., the residence of the plaintiff, pursuant to a commission to be issued for that purpose, and directs the plaintiff to produce upon his examination before a commissioner " all books, records and papers in his custody or control, bearing upon or in any manner affecting the rendition of the services alleged to have been performed by him and which are set forth in the complaint in this action." The action is for a balance of $300,000 due plaintiff from defendant for professional services rendered as associate counsel in behalf of defendant in the courts of Massachusetts and Rhode Island. No part of the value of these services has been paid, except some $25,000 on account. The services were mostly rendered in and about the contest by the defend-

ant of a will of his uncle, which was offered for probate in the Probate Court for the county of Essex in the State of Massachusetts.

The issues presented by the pleadings are the rendition of the services claimed by the plaintiff and the value of the services. As to both of these, the plaintiff will have the burden of making proof. The order does not specify the issues or matters as to which the plaintiff may be examined. There is no limitation of the defendant to adducing proof as to matters upon which he will have the burden.

The order provides: " Ordered, that a commission issue in this action directed to John W. Baker, of Providence, Rhode Island, to take the deposition under oath of Harry C. Curtis, the plaintiff, a witness on behalf of the defendant, upon oral questions, and in which the plaintiff shall be at liberty to join, * * * and that counsel for the respective parties may attend upon the taking of such deposition and before said commissioner, and orally examine and cross-examine such witness, and that such deposition be reduced to writing by the commissioner and returned with and as part of said commission to the clerk of the County of New York."

The order also contains the following direction: " Ordered, that the said plaintiff produce upon his examination before the commissioner herein appointed, all books, records and papers in his custody or control, bearing upon or in any manner affecting the rendition of the services alleged to have been performed by him and which are set forth in the complaint in this action."

The order purports to be granted on the theory that the defendant desires to examine plaintiff, not as an adverse party, but on the ground that he wishes to examine him as a witness on behalf of the defendant, upon the ground that the plaintiff resides more than 100 miles from the place of trial. The moving affidavits say that the examination is desired because plaintiff is possessed of information and knowledge with respect to the issues in this action, and is a necessary and material witness on behalf of defendant in the defense of this action to disprove that the services rendered by him were of the value of $325,000, and that defendant promised and agreed to pay such sum therefor, and also to prove the defense of payment.

Nothing in the statute (Civ Prac. Act, § 288 *et seq.*) permits the examination of a party to an action before trial as a witness rather than as an adverse party. Such a procedure avoids the rules and limitations which surround examination of parties before trial at the instance of an adverse party. It removes the restriction frequently applied in these examinations, that an adverse party may be required to testify usually only with respect to matters that must be proved

by the examining party as a part of his case or defense, and that he may not be examined as to matters in support of the case of the moving party. The order runs directly against the ruling of this court in *Siede* v. *Newkirk* (148 App. Div. 866) which says, through Mr. Justice, now Presiding Justice, CLARKE: " It is quite apparent that the matters defendant alleges that he expects to disprove by the plaintiff's evidence are the very matters that the plaintiff must prove to make out his *prima facie* case. Plaintiff must prove these matters by his own testimony, and if he fails to prove them, he has no cause of action. Defendant is not attempting to obtain testimony to establish his defense. What he is endeavoring to accomplish is the cross-examination of the plaintiff before trial about his own case."

Nothing in the papers shows that the examination of the plaintiff before trial is material and necessary to the defendant for its defense in this action. Without such proof, either appearing from the affidavits or obvious from the affirmations and denials of the pleadings the right to examine an adverse party before trial has always been refused. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.