ADOLPH C. WAPPLER, Appellant, *v.* THE WOODBURY COMPANY, Respondent.

First Department, November 2, 1923.

**Depositions — action to sequester property to satisfy judgment — examination of plaintiff's assignor before trial — assignor was not original judgment creditor but had owned or controlled entire capital stock of original judgment creditor — assignor cannot be examined under Civil Practice Act, § 288, concerning agreement between him and defendant that judgment would not be enforced.**

In an action to sequester property of the defendant corporation for the purpose of satisfying a judgment, defendant is not entitled under section 288 of the Civil Practice Act to examine the plaintiff's assignor before trial concerning an agreement between plaintiff's assignor and defendant, to the effect that the judgment would not be enforced, where it appears that plaintiff's assignor is not a party to the litigation and was not the original judgment creditor, although he did own or control the entire capital stock of the original judgment creditor at one time.

APPEAL by the plaintiff, Adolph C. Wappler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of June, 1923, denying his motion to vacate a notice of examination before trial.

*Winter & Winter* [*Keyes Winter* of counsel; *John C. Pemberton* with him on the brief], for the appellant.

*Felder, Chorosh & McCrossin* [*William H. Chorosh* of counsel; *Benjamin Shapiro* with him on the brief], for the respondent.

MCAVOY, J.:

The order in this action denies plaintiff's motion to vacate a notice for the examination before trial of Robert Buggeln, plaintiff's assignor, and also to vacate the subpœna served with the notice requiring him to appear and testify.

The plaintiff is the assignee of Robert Buggeln and brings this action in equity to sequester the property of the defendant, a corporation, by reason of an unsatisfied judgment for $15,000 and

upwards entered against the defendant in October, 1912, by the Robert Buggeln Company, a corporation, of which Robert Buggeln owned or controlled the entire capital stock. This action was commenced in June, 1922, nearly ten years after the judgment had been obtained.

The appellant claims that section 288 of the Civil Practice Act does not permit the examination before trial of any person except the adverse party to an action and the original owner of the claim which constitutes, or from which arose, a cause acquired by the adverse party by assignment.

The respondent claims that the expression " original owner " does not limit the right of examination to the very first owner, but extends it to any previous assignor of the claim sued on by plaintiff who is conversant with the facts and who was the sole owner of the corporate stock of a previous corporate owner of the claim and who is possessed of all the information in connection with the claim.

The judgment sued upon by the appellant Wappler, who seeks to vacate the examination, was obtained by several mesne assignments from the corporation, to wit, to James T. Clinton and from him to Robert Buggeln and from him to plaintiff. There have intervened between the ownership of the plaintiff and that of the original owner of the judgment sued on, two other ownerships, those of James T. Clinton and of Robert Buggeln. The controversy in this litigation is over the ownership and control of the judgment originally obtained by the Robert Buggeln Company against the respondent. The Robert Buggeln Company in October, 1912, concededly was the original owner of the judgment and continued to own the same until it was assigned to one Clinton.

Respondent claims that seven years subsequent to the origin of the cause of action, that is, in June, 1919, when Buggeln controlled the capital stock of the Robert Buggeln Company, an agreement between him and William A. Woodbury was made by virtue of which the plaintiff in this action is not entitled to enforce the judgment against this defendant. It is about these matters that respondent Woodbury seeks to examine Robert Buggeln. Obviously such evidence does not form any part of the claim which constitutes or from which arose the cause acquired by the adverse party by assignment. It relates to purely collateral matters affecting the assignment and thus appellant's title. No connection is shown between the witness Buggeln's status as sole stockholder of the former corporate owner and the appellant's cause of action, the judgment above mentioned. Said Buggeln was merely a mediate actor in the transfer of the cause of action to the appellant. Buggeln,

being neither a party to the litigation nor the original owner of the judgment which constitutes the cause of action acquired by the plaintiff by assignment, is a stranger to the litigation, has no interest in the judgment, and his examination cannot be had because he at one time owned and controlled the capital stock of the Robert Buggeln Company.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.