WILLIAM C. REDFIELD and Another, Copartners Doing Business under the Firm Name and Style of REDFIELD & WILSON, Appellants, *v.* NATIONAL PETROLEUM CORPORATION, Respondent.

First Department, November 28, 1924.

Depositions — notice to take depositions of witnesses before trial — notice does not comply with Civil Practice Act, § 288 — persons sought to be examined are not adverse parties of record or original owners of claim under Civil Practice Act, § 288 — said persons are not officers of corporation sought to be examined within Civil Practice Act, § 289 — notice is vacated.

The notice of the defendant to take the deposition of witnesses before trial, which was served one day before the case was to be tried, should be vacated, since it appears that the notice does not comply with section 288 of the Civil Practice Act, by showing the grounds on which an examination of witnesses may be had; that those sought to be examined are not adverse parties of record within said section 288 of the Civil Practice Act, nor are they the original owners of a claim which constitutes or from which the cause of action acquired by an adverse party arose; and that the papers do not show that a corporation, joint stock association or other association is sought to be examined through said persons as officers or members thereof under section 289 of the Civil Practice Act.

APPEAL by the plaintiffs, William C. Redfield and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1924, denying the plaintiffs' motion to vacate defendant's notice to take depositions before trial.

*Glenn & Ganter* and *O'Brien, Boardman, Parker & Fox* [*Garrard Glenn* of counsel; *Morgan J. O'Brien, Jr., William B. Walsh* and *DeWitt C. Jones, Jr.*, with them on the brief], for the appellants.

*Frueauff, Robinson & Sloan* [*Robert S. Sloan* of counsel], for the respondent.

MARTIN, J.:

The order denying the motion to vacate the notice of examination directs that Benjamin F. Yoakum, Elliott C. Stevenson and William C. Tevish appear " for examination before trial concerning the matters and issues in the above entitled action pursuant to and as more particularly set forth in the said notice of taking depositions." In defendant's notice they are referred to as " adverse parties, original owners of the claim which constitutes or from which arose the alleged causes of action set forth in the amended complaint and one or more directors or managing agents of such adverse parties  *   *   *   or original owners."

The notice does not set forth that the witnesses are non-residents or are about to leave the State nor any of the other grounds specified in that part of section 288 of the Civil Practice Act which deals with the examination of witnesses as distinct from parties.

The cause of action alleged in the amended complaint is for breach of a contract between the plaintiffs and the defendant for the sale by the latter to the former of a large quantity of oil.  From a copy of this agreement annexed to the complaint it appears that on behalf of plaintiffs it was signed " Redfield & Wilson, (L. S.) — Syndicate Managers."  The plaintiffs Redfield and Wilson sue on this agreement which they made as copartners.  That the plaintiffs have the legal capacity to sue without joining as coplaintiffs the other members of the syndicate was decided by this court on defendant's demurrer to this complaint.  (*Redfield* v. *National Petroleum Corp.*, 199 App. Div. 442.)

It is not denied that the plaintiffs, in signing the agreement, acted for a syndicate.  Both plaintiffs were members of the syndicate as well as being syndicate managers.  The members agreed as to their participation in the profits, and the expenses were to be borne equally.

An averment on behalf of defendant suggests that plaintiffs are suing on an assigned claim, but that is not shown to be the fact by the pleadings or the other papers.

These are the only material facts proved in any of the plaintiffs' papers.  There is an averment that this syndicate later assigned its cause of action to the plaintiffs.  But this allegation is made by defendant's attorney upon information and belief.  He does not give the source of his information or the grounds of his belief.

There is also an attempt to justify a notice of deposition by a statement in the same attorney's affidavit that one of these persons, Yoakum, is " about to depart from this State."  This averment, like the one above mentioned, is really on information and belief, although not so stated, for it rests upon a statement of a Mr. Sullivan of defendant's office, made to the affiant, concerning what Yoakum told Mr. Sullivan after the issuance of the notice.  Mr. Sullivan's affidavit is not annexed, nor is any reason given for failing to produce it.

The notice to take this examination was dated October 1, 1924, and served October second.  The case was on the calendar to be called October third.  Defendant had examined the two plaintiffs in the previous spring.  This notice was served one day before the call of the case on the calendar and after the calendar had been published.

The distinction between an examination of a party and taking

the deposition of a witness has long been recognized. Upon it the right to an examination in advance of the trial depends, to a great extent. To warrant taking the deposition of a witness the papers must show that he is about to depart from the State, or one of the other grounds specified in the statute. If the defendant is unable to justify the examination as that of an adverse party, it cannot sustain the notice unless the prescribed grounds for taking the deposition of a witness are shown.

Mr. Justice MILLER, in *American Woolen Co.* v. *Altkrug* (139 App. Div. 671), said: " The right to examine a witness before trial and the right to examine a party depend upon entirely different grounds. Subdivision 5 of section 872 of the Code of Civil Procedure applies to the examination of a witness. This court in this department has held that that subdivision must be read in connection with section 882, which specified what proof must be made to use the deposition upon the trial, and that the special circumstances, relied upon, must be such as to justify a well-grounded apprehension at least that the examination of the witness cannot be had upon the trial as well as before trial." (See *Automobile Club of America* v. *Canavan*, 128 App. Div. 426.)

Not only is the distinction made, by the Code of Civil Procedure and the Civil Practice Act, in unmistakable language, but it must be remembered that the testimony of a party, if competent, may be read at the trial, although present, whereas the deposition of a witness may not be read unless it is shown at the trial that the witness cannot then be produced.

Mr. Justice McAVOY, in *Curtis* v. *Searles* (206 App. Div. 287), said: " Nothing in the statute (Civ. Prac. Act, § 288 *et seq.*) permits the examination of a party to an action before trial as a witness rather than as an adverse party. Such a procedure avoids the rules and limitations which surround examination of parties before trial at the instance of an adverse party. It removes the restriction frequently applied in these examinations, that an adverse party may be required to testify usually only with respect to matters that must be proved by the examining party as a part of his case or defense, and that he may not be examined as to matters in support of the case of the moving party."

It is asserted by the defendant that those sought to be examined as adverse parties come within the meaning and intent of section 288 of the Civil Practice Act.

Unless there is to be a departure from the long-settled practice which has been followed in this State, we must hold that there is no authority to examine persons who are not adverse parties of record, with the exceptions now provided for by the Civil Practice Act.

In *Seeley* v. *Clark* (78 N. Y. 220) Judge DANFORTH, writing the opinion, said: " The words ' party to an action,' in section 870 of the new Code,* include parties to the record, and no one else. Such is their legal and ordinary meaning. Mead, the person whose examination was directed, it is conceded, is not one of those parties. That he is a party in interest is not sufficient; he is still ' a person not a party,' and his examination in certain cases is provided for by section 871. It is not claimed that a case is made out under that section. To bring him within section 870, the court must supply words, viz., ' party in interest,' which an examination of title 12, chapter 6 of the old Code,† and a comparison of its provisions, with those of the new (title 3, chap. 9), show, that the Legislature intentionally omitted. This we have no authority to do. The order for his examination was therefore properly vacated, and the order of the General Term should be affirmed, with costs."

Section 288 of the Civil Practice Act provides that any party to an action may cause the taking of testimony, material and necessary, " of the original owner of a claim which constitutes, or from which arose, a cause of action acquired by the adverse party by grant, conveyance, transfer, assignment or endorsement and which is set forth in his pleading as a cause of action or counterclaim."

Looking to the practice in England, as disclosed by cases in which this subject has been considered, we find it was held that, where an agent sues in his own name, under a contract made by himself but has no interest in the contract, all the recovery to go to the benefit of his principal, the principal may be so far treated as the real plaintiff as to be subject to examination. (*Willis & Co.* v. *Baddeley*, L. R. [1892] 2 Q. B. 324.) In 1906 that decision was limited by the Court of Appeal unanimously holding that no non-party may be examined at the defendant's instance, even though he had an interest in the litigation, if the plaintiff also had an interest in it. That rule was laid down in *Nelson & Sons, Ltd.*, v. *Nelson Line (Liverpool), Ltd.* (L. R. [1906] 2 K. B. 217).

In commenting upon the decision of the lower court which inadvertently stated that an injustice might have been done by refusing such an examination Lord Justice FARWELL quoted with approval (L. R. [1906] 2 K. B. at p. 227): " ' It ' (the order under appeal) ' seems to have been based by the judges who gave their opinion in the Court below on this, that an injustice would be suffered by those whom they call the actual plaintiffs, unless the order which they then made was made. Now I venture to say

---

* Code Civ. Proc.— [REP.

† Code Proc. pt. 2, tit. 12, chap. 6.— [REP.

that the use of the word "injustice" is unfortunate; probably they meant it for hardship. No man can be said to suffer an injustice if, when he comes to sue in a Court, the rules of the Court applicable to suitors who seek to enforce their rights are enforced in his case, and the only question which I have to consider, and that I approach without any prejudice either one way or the other, is whether, according to the rules applicable to the conduct of litigation, the plaintiffs here are right and can sustain the order.'" (*Wilson* v. *Raffalovich*, L. R. 7 Q. B. D. 553, 560.)

It is also sought to sustain the order for an examination on the ground that it comes within the provisions of section 289 of the Civil Practice Act, which provides that "When an adverse party, or an original owner of a claim mentioned in the foregoing section, whose testimony may be taken as provided in such section by deposition, is a corporation, joint stock association or other unincorporated association, the testimony of one or more of its officers, directors, managing agents or employees, which is material and necessary, may be so taken."

But the persons whose depositions are sought are not parties and the plaintiffs did not acquire their claims from or through them so as to make them "original owners." Moreover the papers fail to show that a corporation, joint stock association or other association is sought to be examined through an officer or member thereof.

In *Wappler* v. *Woodbury Co.* (206 App. Div. 452) this court said: "No connection is shown between the witness Buggeln's status as sole stockholder of the former corporate owner and the appellant's cause of action, the judgment above mentioned. Said Buggeln was merely a mediate actor in the transfer of the cause of action to the appellant. Buggeln, being neither a party to the litigation nor the original owner of the judgment which constitutes the cause of action acquired by the plaintiff by assignment, is a stranger to the litigation, has no interest in the judgment, and his examination cannot be had because he at one time owned and controlled the capital stock of the Robert Buggeln Company."

There being no grounds for such an examination as was ordered, the order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the notice granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.