AUGUSTINE G. O'NEILL, Respondent, *v.* LOUIS N. JAMES and Another, Copartners as "LOUIS N. JAMES & COMPANY," Appellants. . First Department, November 27, 1925.

Depositions — examination of witness before trial — motion to vacate notice — witness cannot be examined before trial except as specified in Civil Practice Act, § 288 — witness was not one who could be examined before trial — notice of motion to vacate served three days after notice of examination and returnable at same term two days after date for examination was timely, and, under Civil Practice Act, § 291, stayed examination — error to conduct examination prior to return day of motion to vacate.

The defendants were not entitled to examine a witness before trial under section 288 of the Civil Practice Act, since it appears that the witness was not a party to the action, that he did not reside at a greater distance from the place of trial than one hundred miles, that he was not sick or infirm, that he was not about to depart from the State, and that no special circumstances rendering the examination proper were shown.

A witness cannot be examined before trial unless it is shown that he is a witness coming within the terms of section 288 of the Civil Practice Act.

The notice of motion to vacate the notice of examination, which was served three days after the notice of examination and was made returnable at the same term of court two days after the date set for the examination, was timely notice and under section 291 of the Civil Practice Act operated as a stay of examination and, therefore, it was error for the plaintiff to conduct the examination on the day set. A witness cannot waive the rights of a party to an action by voluntarily appearing and submitting to an examination.

APPEAL by the defendants, Louis N. James and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of September, 1925, denying defendants' motion to vacate the notice of examination before trial of a witness.

The action is brought for money alleged to be due on a contract of employment as an insurance broker.

*Andrew A. Fraser* [*Everett W. Bovard* of counsel], for the appellants.

*William Otis Badger, Jr.* [*Paul D. Compton* of counsel], for the respondent.

MARTIN, J.:

The appellants applied at Special Term to vacate the notice of examination of a witness on the ground that the witness was not a party to the action and was not a witness whose testimony was material or who was within the situations specifically set forth in section 288 of the Civil Practice Act which rendered it proper that his deposition should be taken.

Section 288 of the Civil Practice Act provides that any party to an action in a court of record may cause to be taken by deposition before trial his own testimony or that of an adverse party which is material and necessary. It also provides that under certain circumstances the testimony of the original owner of a claim may be taken and for taking the testimony of a witness about to depart from the State, or of a witness without the State or of one who resides at a greater distance from the place of trial than 100 miles, or is so sick or infirm as to afford reasonable grounds for belief that he will not be able to attend on the trial or where other special circumstances render it proper that his testimony should be taken.

This subject was considered in *Redfield* v. *National Petroleum Corp.* (211 App. Div. 152). We there said that unless the party to be examined was an adverse party, or the original owner of the claim, the law with reference to the examination of a witness had not been materially changed by the Civil Practice Act and there could not be an examination of a witness except under the circumstances set forth therein.

The witness sought to be examined is not a party to the action; his residence and place of business were within the city of New York; he was not sick or infirm; he was not about to depart from the State; and there were no special circumstances rendering it proper that his deposition should be taken. (*Redfield* v. *National Petroleum Corp., supra.*)

It is also urged that appellants failed to serve a timely notice to vacate. On August 18, 1925, the notice of examination before trial was served upon defendants' attorneys, requiring the examination to proceed on August twenty-fourth. Three days after the service of such notice, and on August twenty-first, defendants' notice of motion to vacate the notice of examination was received by plaintiff's attorney. This notice was returnable August twenty-sixth, or two days after the day set for the examination. The witness appeared at the time and place set for the examination and his deposition was then taken.

The notice of examination should have been vacated. The ground on which the respondent attempts to sustain this exami-

nation is that the witness made no objection thereto and, therefore, all objections were waived.

It is a novel proposition that a witness may waive the rights of the parties to an action. No affidavit was submitted by the respondent upon the motion to sustain this notice for the reason, in all probability, that it could not be sustained. There is absolutely no ground for such an examination. (*Redfield* v. *National Petroleum Corp., supra.*)

If we permit such practice, a witness who is in collusion with a party may accept notice for examination and submit to an examination before the party has an opportunity to act in the matter. We will not countenance any such practice. Parties to an action should be permitted to control their litigation.

It is also urged that the notice was not made returnable before the date set for the examination and was, therefore, insufficient.

Section 291 of the Civil Practice Act provides as follows: " Any question as to the right to take the testimony, or as to the time or place, or as to the matters as to which the testimony is to be taken, or as to the persons before whom it is to be taken, may be raised by a motion to vacate or modify the notice. The service of notice of the motion, if made for the first term or sitting of court at which the motion can be heard, shall operate to stay the taking of the testimony until the determination of the motion. * * *."

This section does not provide that the motion must be made returnable either before the day set for the examination or at the first term or sitting at which it can be heard, but merely that if the party seeking to vacate the notice desires a stay of the examination pending determination of a motion to vacate, service of notice of such a motion, if made for the first term or sitting of the court at which the motion can be made, shall operate as a stay of the examination. Here, the notice of motion to vacate was made for the same term of the court in which the notice of examination was given, and served before the day set for the examination. It was, therefore, timely, and the examination was thereby stayed, and the notice should have been respected.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.