FRED GREEN, Respondent, *v.* EDWARD L. SAISSELIN, Appellant.

Fourth Department, March 10, 1926.

Depositions — motion by defendant to examine original owner before trial — court does not determine whether phrase " original owner " as used in Civil Practice Act, §§ 288 and 289, applies to intermediate owners — examination denied as to questions on which plaintiff has affirmative.

On an appeal from an order denying defendant's motion to examine the original owner of a claim before trial, the Appellate Division does not determine whether the phrase " original owner " as used in sections 288 and 289 of the Civil Practice Act applies only to the first owner or assignor or may be extended to embrace owners or assignors intermediate in the chain of title.

Examination is denied on the ground that the questions involved are those on which the plaintiff has the affirmative.

HUBBS, P. J., dissents, with memorandum.

APPEAL by the defendant, Edward L. Saisselin, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 27th day of May, 1925, denying defendant's motion for an order to examine and take the testimony of Oscar J. Brown before trial.

*Morehouse & Morehouse* [*D. P. Morehouse, Jr.,* of counsel], for the appellant.

*Oscar J. Brown* [*Myron R. Brewster* of counsel], for the respondent.

8

PER CURIAM. For the decision of this appeal it is unnecessary to determine whether the phrases " the original owner," as used in section 288 of the Civil Practice Act, and " an original owner," as used in section 289 of the Civil Practice Act, apply only to the very first owner or assignor or may be extended to embrace owners or assignors intermediate in the chain of title. The original statute (Laws of 1920, chap. 91, amdg. Code Civ. Proc. § 872, subd. 5) seems to have been broad enough to cover the latter. (But see *Wappler* v. *Woodbury Co.,* 206 App. Div. 452; *Redfield* v. *National Petroleum Corp.,* 211 id. 152.)

Ordinarily a defendant is not entitled to examine the plaintiff before trial concerning the issues upon which the latter has the affirmative. (*Lattimer* v. *Sun-Herald Corp.,* 208 App. Div. 503.)

The same rule applies to an original owner, however that phrase may be construed.

The burden rests upon the plaintiff here under the pleadings to show that he is a holder in due course. (Neg. Inst. Law, § 98; *Vosburgh* v. *Diefendorf,* 119 N. Y. 357; *Weiss* v. *Goldberger,* 209 App. Div. 615.) Since the affirmative is not with the defendant on this issue, the application was properly denied.

The order should be affirmed, with ten dollars costs and disbursements.

Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ. All concur, except HUBBS, P. J., who dissents in a memorandum and votes for affirmance.

HUBBS, P. J. (dissenting). I dissent and vote for reversal and to grant the motion. I think the construction placed by the Special Term on the words " original owner " as used in sections 288 and 289 of the Civil Practice Act is too strict. Those words should be given a construction which would include intermediate owners. The fact that the plaintiff has the affirmative of the issue is not necessarily conclusive. It seems to me that this case falls within the class of cases where it can be fairly said that there are unusual circumstances which justify the granting of an order for examination before trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 App. Div. 752; *National Fire Ins. Co.* v. *Shearman,* 209 id. 538.)

Order affirmed, with ten dollars costs and disbursements.