WINTERS NATIONAL BANK AND TRUST COMPANY, Plaintiff, *v.* GREENBERG AUTOMOTIVE & RADIO Co., INC., Defendant.

Supreme Court, Kings County, April 3, 1930.

*Rasch & Gottlieb*, for the plaintiff.

*Allan Deutsch*, for the defendant.

DUNNE, J. Action has been instituted against the defendant upon four trade acceptances. Defendant by way of an affirmative pleading challenges the plaintiff's right to recovery, claiming that it is not a holder in due course, and has moved here for an order of examination. The proposition presented is whether upon the present state of pleadings defendant is entitled to the deposition. Ordinarily, the right to the examination follows the one upon whom the affirmative burden is placed. It is well established that, if circumstances come to the knowledge of the holder of a negotiable instrument which put him upon inquiry, he is chargeable with the knowledge of all the facts such an inquiry would have revealed. Upon the production of a note by the transferee thereof, merely a rebuttable presumption arises that such transferee is a holder in due course. When it is shown that the transferor's title was defective, the burden is upon the transferee to establish that he acquired the instrument in due course or that some prior party under whom he claims was a holder in due course. (*Hoberg* v. *Sofranscy*, 217 App. Div. 546, and cases therein cited.) In a somewhat similar case in the Fourth Department (*Green* v. *Saisselin*, 216 App. Div. 113), it was held that " the burden rests upon the plaintiff here under the pleadings to show that he is a holder in due course. (Neg. Inst. Law, § 98; *Vosburgh* v. *Diefendorf*, 119 N. Y. 357; *Weiss* v. *Goldberger*, 209 App. Div. 615.) Since the affirmative is not with the defendant on this issue, the application was properly denied."

However, in that case the then Mr. Presiding Justice HUBBS (now judge of the Court of Appeals), in a dissenting opinion, stated as follows: " The fact that the plaintiff has the affirmative of the issue is not necessarily conclusive. It seems to me that this case falls within the class of cases where it can be fairly said that there are unusual circumstances which justify the granting of an order for examination before trial." Subsequently in the same department, where the defendant sought an examination before trial in an action upon a note, the then Mr. Presiding Justice HUBBS wrote an opinion (*Green* v. *Selznick*, 220 App. Div. 12), unanimously concurred in, and in part stated as follows: " * * * Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870

of the Code of Civil Procedure may not restrict the valuable right of examination before trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752; *National Fire Ins. Co.* v. *Shearman*, 209 id. 538; *Fulton* v. *National Aniline & Chemical Co.*, 214 id. 846.) "

In this department a liberality within proper restrictions has been followed in permitting examinations, and this even under the old practice. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23.) The case last quoted is authority for the proposition that an examination will be permitted in actions in which a defense, unanswered and established, would destroy the plaintiff's cause of action. If defendant were able to establish the fact that the plaintiff was not a *bona fide* holder for value, and such fact were unanswered, plaintiff would then be relegated to the rights and subject to the defenses which would have confronted the transferor and thus his possibility of recovery might be seriously impaired, if not destroyed. I, therefore, think the instant case comes within the category of those mentioned in the *Oshinsky* case.

It is true that the ultimate burden of proving that he is a holder in due course rests upon the plaintiff. It is likewise true that upon the defendant rests the burden of going forward in the first instance with proof to overcome the presumption that the plaintiff holds the negotiable paper in due course. If the defendant is to be deprived of an examination before trial, it is entirely possible that he will be unable to ascertain facts which put in issue the *bona fides* of the holder, require the shifting of the burden, and without which facts the plaintiff's claim will go unassailed, aided as it is with an initial presumption.

Motion for an order granted, except as to items 4 and 8, which are denied.