VALERIE ELIZABETH HUFF, Appellant, *v.* CHARLES REDFIELD VOSE, Respondent.

First Department, June 20, 1935.

*Nathan Walker* of counsel [*Gresser, Starr & Walker,* attorneys], for the appellant.

*Kevie Frankel* of counsel [*Irving L. Young* with him on the brief; *Kevie Frankel,* attorney], for the respondent.

MERRELL, J.  As to the first appeal of the plaintiff herein, we think the court at Special Term erred in refusing plaintiff the right to examine the defendant as to items 12, 13 and 14 of her notice of motion, and that plaintiff was entitled to examine the defendant as to said items.  Item 12 is with reference to the social standing of the defendant in the community wherein he resided during the times mentioned in the complaint.  Item 13 is with reference to the financial condition of the defendant during the times mentioned in the complaint.  Item 14 is with reference to what income, if any, the defendant received from any companies, corporations, firms, investments or other sources from on or about August 25, 1932, to the date of said notice.  In *Meyer* v. *Mayo* (173 App. Div. 199) this court held, in an action brought by the plaintiff to recover damages by reason of having been induced to marry the defendant at a time when his wife by a former marriage was living and when

such marriage was in full force and effect, that the defendant might be examined before trial generally and as to his financial condition, not only by questions tending to show general reputation, but also relating to ownership of particular items of property. In the opinion of this court in *Meyer* v. *Mayo* (at p. 204) it was said: " The reputation of the defendant for wealth might measure the plaintiff's expectations and be competent to show her disappointment. The true measure of damages is not that alone, but, as was said in *Chellis* v. *Chapman* [125 N. Y. 219]: ' That the amount of the suitor's pecuniary means is a factor of some importance in the case of a demand of marriage cannot fairly be denied. It is a circumstance which, very frequently, must have its particular influence upon the mind of the woman in determining the question of consent or refusal, and, as I think, in a proper case, very naturally and properly so. The ability of the man to support her in comfort and the station in life which marriage with him holds forth, are matters which may be weighed in connection with an agreement to marry.' In that regard his actual ability to support and maintain the plaintiff would seem to be the prime consideration. *She cannot live on the reputed wealth. The difficulty of plaintiff proving the actual wealth may make the reputation for wealth admissible. But if plaintiff can prove the actual facts, such evidence is not alone admissible, but is the best evidence. This was distinctly held in Crosier v. Craig* (47 Hun, 83; affd., without opinion, 130 N. Y. 661)." (Italics are the writer's.)

In *Kujek* v. *Goldman* (150 N. Y. 176), in a similar action, the Court of Appeals held that the damages recoverable depended on the circumstances of the case. The Court of Appeals said (at p. 180): " The damages are caused by the wrongful deprivation of that to which the husband or wife is entitled by virtue of the marriage contract. They rest upon the loss of a right which the marriage relation gives and of which it is an essential feature. Whether that right is wrongfully taken away after it is acquired, or the person entitled to it is wrongfully prevented from acquiring it does not change the effect or lessen the injury."

We think, under this authority, plaintiff was entitled to examine the defendant as to items 12, 13 and 14 of the plaintiff's notice of motion.

We are also of the opinion that the court below erred in directing an examination of plaintiff upon the motion of the defendant as to the first three items. Under these items the defendant sought to examine the plaintiff with reference to matters tending to show that the plaintiff knew that the representation made was untrue; in short, that the plaintiff did not rely upon the representation made because of her knowledge concerning the falsity thereof. It,

therefore, appears that the defendant is seeking to examine plaintiff before trial with reference to matters which the plaintiff will be required to prove to establish her cause of action. In *Curtis* v. *Searles* (206 App. Div. 287) this court said (at p. 288): " It removes the restriction frequently applied in these examinations, that an adverse party may be required to testify usually only with respect to matters that must be proved by the examining party as a part of his case or defense, and that he may not be examined as to matters in support of the case of the moving party."

In *Siede* v. *Newkirk* (148 App. Div. 866) Mr. Justice CLARKE of this court wrote as follows: " It is quite apparent that the matters defendant alleges that he expects to disprove by the plaintiff's evidence are the very matters that the plaintiff must prove to make out his *prima facie* case. * * * Defendant is not attempting to obtain testimony to establish his defense. What he is endeavoring to accomplish is the cross-examination of the plaintiff before trial about his own case."

We think that under these authorities the court below should have denied the defendant's application to examine the plaintiff as to the three items in question. In so holding we have not overlooked the recent decision of the Court of Appeals in *Public National Bank* v. *National City Bank* (261 N. Y. 316).

As to the fourth item of defendant's application to examine plaintiff concerning the fact that on or about May 26, 1933, the plaintiff deserted the defendant and failed and refused to reside with defendant as his wife, said matter was quite immaterial and irrelevant, either to the plaintiff's or the defendant's case, and no examination with reference thereto should have been directed.

The order appealed from, in so far as it denied plaintiff's motion for examination of the defendant before trial, should be reversed, with twenty dollars costs and disbursements, and said motion granted *in toto*. As to the order granting the defendant an examination of the plaintiff before trial, said order should be reversed, with twenty dollars costs and disbursements, and defendant's motion denied.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

On appeal from order denying plaintiff's motion for examination of defendant before trial: Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and motion granted *in toto*. The date for the examination to proceed to be fixed in the order. Settle order on notice.

On appeal from order granting defendant an examination of plaintiff before trial: Order reversed, with twenty dollars costs and disbursements, and motion denied.