In the Matter of the Probate of the Will of MATILDA C. PALMER, Deceased.

Surrogate's Court, Suffolk County, April 7, 1953.

*Griffing & Smith* for Otto H. C. Becken, contestant.

*Fowler & Kendrick* for John A. O'Keeffe, proponent.

HAZLETON, S. In this contested probate proceeding, the sole issue is the testamentary capacity of the testatrix. The objectant has served a notice for the examination of two witnesses (husband and wife) along with twelve letters written by the testatrix to them and now in their possession. A subpœna duces tecum was served to compel production of the letters. The proponent has countered with a motion to set aside the notice of examination as defective. Upon the argument of this motion it was stated by counsel for objectant that the grounds upon which the examination is sought are the " other special circumstances " provision of section 288 of the Civil Practice Act and there was submitted upon the argument an affidavit to support the contention that there exists " other special circumstances ". The notice of examination reads: " The matters upon which said JOHN SANESKI and KATHERINE SANESKI are to be examined by the undersigned are: 1. The mental and physical condition of the said MATILDA C. PALMER during the last three years of her life. 2. The writings of the said MATILDA C. PALMER during the last three years of her life."

The development of the statutes permitting use of books and papers on examinations before trial for a long period has been slow beyond reason. Recent enactment of rule 121-a of Rules of Civil Practice, effective July 1, 1952, permitting examinations before trial regardless of the burden of proof indicates the current growing liberal attitude of the courts in respect to such examinations. Along the same line, section 296 of the

Civil Practice Act has been amended effective September, 1953, by adding thereto subdivision 2. This amendment remedies the situation which limits the use of books and papers produced when an examination is obtained pursuant to notice and subpœna duces tecum, as in the matter under consideration, solely to refresh the recollection of the witness and eliminate the need of an order which is presently required, if the books and papers are to be offered in evidence.

However, the law at present and until the amendment to section 296 of the Civil Practice Act as above indicated, becomes effective, still limits the use of letters sought to be examined herein to refresh the memory of the witnesses. They cannot be examined, inspected or received in evidence. This can only be done when the papers are produced pursuant to an order. (Civ. Prac. Act, § 296; *New York City Car Adv. Co.* v. *Regensberg & Sons,* 205 App. Div. 705.)

It is clear that the notice served herein is defective in that it does not set forth the " other special circumstances " that would justify the examination of the witnesses. (*Redfield* v. *National Petroleum Corp.,* 211 App. Div. 152.) Further, the witnesses could not be examined concerning the letters since said letters could not be offered and received in evidence but only to refresh memory.

Therefore the motion to vacate the notice of examination is granted without prejudice to renewing same upon proper papers.

Submit order accordingly on notice.