Matthew M. Levy, J.
In this action, the plaintiff (a former officer and employee of the defendant corporation) seeks to recover from the defendant a sum of money allegedly due for unpaid salaries, unrepaid loans and unreimbursed expenses. The defendant interposed an answer containing denials and alleging payment, the Statute of Limitations and an account stated.
The defendant has served notice upon the plaintiff that it intends to take the testimony of one Chaplin before trial, pursuant to article 29 of the Civil Practice Act, on the stated ground that Chaplin is likely to be a reluctant, unwilling witness for the defendant, in that Chaplin is the plaintiff’s brother-in-law, that Chaplin left the defendant’s employment to become associated with the plaintiff in business and that Chaplin is now a stockholder, director and officer of the plaintiff’s corporation, a competitor of the defendant. The notice further stated that Chaplin is to be examined at a specified time and place (in the county of Chaplin’s residence) upon enumerated matters, and that the plaintiff is required to produce thereat relevant books, *637 records and documents. The notice to examine was also served upon the prospective witness, as well as a subpoena.
Chaplin moved to vacate the subpoena and the notice, asserting that he is a long-time resident of this State, that he rarely leaves, that he is no longer connected with the plaintiff’s company, that he is willing to testify at the trial upon request of either party, and that he is not and would not be a reluctant, unwilling or hostile witness. Chaplin submits that the defendant has not shown special circumstances warranting his (Chaplin’s) pretrial examination as a witness. The defendant countermoved to punish the witness for contempt for nonappearance in response to the notice and subpoena.
The plaintiff himself did not move with respect to the proposed examination — although, after the defendant moved to punish the witness for contempt, the plaintiff “ joined ” in the earlier application of the witness to vacate the notice and to quash the subpoena. The question is posed, and it shall be so considered, whether a witness (as distinguished from a party) is empowered to move to vacate or modify a notice to take the deposition of the witness before trial, and to effectuate the usual concomitant stay (Civ. Prac. Act, § 291). I shall first consider the question here raised as an original proposition, although the defendant urges that authoritative precedents hold that the witness has no such standing. I shall begin with a study of the applicable statutory basis for the taking of testimony by deposition during the pendency of an action and before trial.
Section 288 of the Civil Practice Act provides, in part, that “ [a]ny party to such an action also may cause to be so taken the testimony of any other person [not a party], which is material and necessary, where such person is about to depart from the state, or is without the state, or resides at a greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken.” Section 300 provides that, where the prospective witness ‘ ‘ is a resident of the state, he shall not be required [with certain exceptions] to attend in any county, other than that in which he resides, or where he has an office for the regular transaction of business in person”. Section 299 provides that a witness may be subpoenaed or ordered to attend and testify in an examination held within the State “under this article” (Civ. Prac. Act, art. 29, “ Testimony by Deposition ”) as upon a trial.
Let us suppose that the trial will not take place -until next year; but one of the parties notices the taking of the deposition *638 of a witness now, notwithstanding that, at the present time, it would be both personally and commercially inconvenient for him to appear, and that some time next month would be quite suitable; but the opposing party does not desire to press the issue by moving to modify the notice. Let us suppose that the proposed witness is a resident of this State and that his home and business are near the Canadian border, but one of the parties serves notice to take the deposition in New York City, and the adverse party does not object because his attorney has his office in New York City and does not desire to subject himself at a certain time of the year to the wintry clime of the north country. Let us suppose that the witness has been served with a subpoena duces tecum to produce masses of books and records, quite upsetting to his business routine, but that the opposing party does not want to place himself in the apparent position of seeking to avoid full disclosure and therefore does not object to the required production of the documents and consequent disruption of the witness’ business, notwithstanding that the subpoena is unnecessarily broad. Let us suppose that the witness is charged with being unwilling and reluctant to testfy, when he sincerely and vigorously claims that truthfully he is not hostile, and that for psychological or ethical reasons ■he does not desire to be so stigmatized; but the opposing party, single-mindedly attentive to the exigencies of the litigation, thinks such personal factors immaterial.
It would seem to me, in all of these cases (and in many others that might be thought of), that the witness should not be required to wait upon the pleasure of the litigant to protect the interests of the witness, but that the latter himself might bring the issue before the court and ask, in a proper case, to be relieved of a compulsory attendance, when such appearance should not be required under the law or, because of certain circumstances, is unduly onerous in respect of time, place or other elements. Considering only the aspect of power as distinguished from that of discretion, I am of the view that the court has jurisdiction, on the application of a prospective witness, to vacate or modify a notice to take his deposition, and that jurisdiction may be exercised as a matter of discretion in a proper case.
The controlling statutes do not compel a contrary holding. Section 291 of the Civil Practice Act provides that “ [a\ny question as to the right to take the testimony, or as to the time or place, or as to the matters as to which the testimony is to be taken, or as to the books and papers to be produced iby a party, or as to the persons before whom it is to be taken, *639 may be raised by a motion to vacate or modify the notice. * * * If the taking of the testimony be not authorized by the provisions of this article the court shall vacate the notice. ’ ’ (Italics supplied.) There is nothing here to support the defendant’s contention that only a party may move to vacate or modify the notice to take the deposition. Insofar as the express language of section 291 is concerned, the application may be made by the witness as well. I recognize that rule 124 of the Rules of Civil Practice, which also refers to a motion to vacate a notice, provides that “ [i]f a party on whom a notice to take testimony by deposition is served shall move to vacate, modify or limit the same, he shall ” follow certain procedures. But I do not gather from that that a witness is forbidden to present a protest in due time and to move thereon.
Nor do section 298 of the Civil Practice Act and rule 125 of the Rules of Civil Practice, providing for the taking, pursuant to the stipulation of the parties, of the testimony of a witness by deposition, cause me to change my view. The court was not thereby deprived of jurisdiction, on due application of the proposed witness, to protect him, in a proper case, from harassment, even if consensual in respect of the parties to the action. No doubt, as the defendant argues, “ [p]arties to an action should be permitted to control their litigation ” (O’Neill v. James, 214 App. Div. 522, 524). But that does not mean, as I see it, that a witness improperly affected by the litigatory processes of the parties may not seek judicial relief and that the court does not have the power, in a proper case, to grant it.
The defendant relies most heavily upon McCullough v. Auditore (215 App. Div. 89). But, whatever may have been the dicta there expressed, it is to be noted that not only did not the party attack the notice there served (see, also, McCullough v. Auditore, 216 App. Div. 510) but the witness, too, failed to move to vacate or modify it — he simply ignored the notice and the subpoena. That is obviously not this case. It is my view that, since there is a limit to the exercise of the defendant’s right to examine a witness before trial (Civ. Prac. Act, § 288) and to issue a subpoena directed to him (Civ. Prac. Act, § 299), the witness has the right to secure an adjudication as to whether the limit has been exceeded — otherwise the limitation might be ineffectual (cf. Matter of Hirshfield v. Craig, 239 N. Y. 98, 118; Carlisle v. Bennett, 268 N. Y. 212; Matter of Hooper-Holmes Bureau, 173 Mise. 735; Matter of Roden, 200 Misc. 513). And when such an application is made, it is for the court to decide whether the taking of the deposition, as noticed, is proper in the circumstances.
*640 In the ease at bar, the motion to vacate the subpoena and the notice is in all respects granted. No special circumstances are shown sufficient to warrant such examination, and the witness does not come within the purview of section 288 of the Civil Practice Act. Accordingly, the defendant’s companion motion to punish for contempt is denied. Orders have been entered to that effect.