Matthew M. Levy, J.
In this action, a' judgment creditor sues, in pursuance of article 10 of the Debtor and Creditor Law, to set aside certain alleged fraudulent transfers of money made by Kurt A. Baer Company, Inc., to defendants, at a time when it is claimed that the Baer Company, the debtor, was *154 insolvent. Plaintiff became a judgment creditor by virtue of a confession of judgment made by the Baer Company to plaintiff. The stock of the debtor corporation was and is wholly owned by one Kurt A. Baer. Neither Baer personally nor his company was made a defendant in this action, and, when the moving defendants herein, Blumenfeld and Wasserman, sought to bring the company in as a defendant, plaintiff successfully obtained a denial of the motion on the ground that the judgment debtor was not a necessary party to this action. Plaintiff has conducted examinations of the Baer Company in proceedings supplementary to judgment and has also had the debtor’s books examined by accountants. Plaintiff’s counsel has frankly stated that, in the prosecution of this action, the debtor’s attorney has co-operated with plaintiff in maldng certain of the debtor’s books, records and cancelled checks available to plaintiff.
What is now before me for disposition are two separate motions by defendants Blumenfeld and Wasserman respectively to examine Kurt A. Baer as a witness before trial. The applications are opposed by plaintiff and the witness Baer, who, though not a party, may be heard on this issue in protection of his own convenience and interests (Zwerling v. Triangle Sheet Metal Works, 13 Misc 2d 636, 637-638).
The moving defendants seek the examination to show that the moneys allegedly transferred to them were either repaid to the witness’ company or were the subject of investment in certain proper enterprises which, so far as they are concerned, were fully carried out in accordance with agreements made by them and the Baer Company. I am of the opinion that special circumstances have been shown to exist which warrant the examination sought (Civ. Prac. Act, § 288). The witness was an active participant in the various transactions complained of and his testimony appears to be helpful, material and necessary to substantiate the defense allegations of the purpose for the issuance of certain checks to defendants and of the claimed repayment or proper utilization thereof. (Lesavoy Ind. v. Providence Washington Ins. Co., 285 App. Div. 938; Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536.) Hostility on the part of the witness may be implied by reason of the charges of irregularity made against him by the moving defendants with respect to the .signatures on certain checks and the witness’ attempt to shift blame for his company’s insolvency upon the moving defendants (Zirn v. Bradley, 257 App. Div. 832). Moreover, by the very nature of the plaintiff’s title and of its cause of action, as well as of the *155 proceedings herein, co-operation between it and the witness is indicated, and, indeed, as I have said, is in some respects conceded.
The examination of the witness will accordingly be directed on the limited issues specified in the moving affidavit, as herein-before noted, to be held at Special Term, Part II, of this court, on a date to be fixed in the order. Relevant books, papers and records will be produced for use pursuant to section 296 of the Civil Practice Act. The examinations will proceed by both moving defendants at the same time and place. (See Penn-Texas Corp. v. Glickman, 20 Misc 2d 835, 837-838.) Settle order.