DARNET REALTY CORP., Plaintiff, *v.* LYMAN REYNOLDS et al., Defendants. BANKERS TRUST COMPANY, Impleaded Defendant.

Supreme Court, Special Term, New York County, June 8, 1962.

*Dreyer & Traub* for Darnet Realty Corp., plaintiff and Bankers Trust Company, impleaded defendant. *Debovoise, Plimpton & McLean* (*William Philo Clark* and *Robert M. Buchanan* of counsel), for William H. Kelynack, defendant.

JACOB MARKOWITZ, J. This is a motion to order an examination before trial of one Esther Coar, alleged grantor of defendant Kelynack's realty, which realty is the subject of this bar-claim action. Defendant Kelynack has counter-claimed for a judgment declaring him the lawful owner of that property.

678

Plaintiff asserts that the examination is permissible under section 288 of the Civil Practice Act on the ground that Esther Coar is the " original owner " of the claim upon which Kelynack relies within the meaning of section 288.

The meaning of the term, " original owner ", within that section has been the subject of few decisions. In *Green* v. *Saisselin* (216 App. Div. 113) and *Redfield* v. *National Petroleum Corp.* (211 App. Div. 152) the courts, in dicta, indicated that it included intermediate owners of the claim. However, in *Wappler* v. *Woodbury Co.* (206 App. Div. 452) the court refused to permit the examination of a mediate owner of the claim. There the examination was sought on matters collateral to the creation of the claim later transferred to plaintiff. None of the above cases concerned claims to real estate interests. To hold, in cases involving claims to realty, that the term " original owner " used in section 288 refers only to the one who first held title to the land would, in effect, foreclose use of the device established in that section in realty matters. The statute, by use of the term " original owner " does not refer to the person who, in this matter, acquired the land from the Indians. Moreover, it is obvious that Esther Coar is a person having unique knowledge of the pertinent facts and that, in any event, such special circumstances have been shown which would justify her examination as a witness. Furthermore, her evidence will be material and necessary to such extent that her examination should not be delayed. Accordingly, whether as an original owner or as a witness, said Esther Coar is to appear and submit to pretrial examination at a time and place to be arranged by and mutually convenient to the respective parties. If such arrangements cannot be made, settle order providing for time and place of examination.