Marcus M. McCullough, as Trustee in Bankruptcy of Frank Auditore, Respondent, *v.* Louisa Auditore, Otherwise Known as Lulu Auditore, Appellant.

Second Department, April 23, 1926.

**Depositions — examination of witness before trial — motion by defendant to vacate notice — action by trustee in bankruptcy to recover property transferred by bankrupt — " special circumstances " under Civil Practice Act, § 288, render examination proper.**

In an action by a trustee in bankruptcy to recover property transferred by the bankrupt, a motion to vacate a notice for the examination of a witness, the bankrupt, before trial, is denied, since it appears that while the witness does not come within any of the special situations set out in section 288 of the Civil Practice Act, there are " other special circumstances " rendering it proper that his deposition should be taken, for it appears that the defendant to whom the transfer was made was, at the time thereof, the wife of the witness, that while they were thereafter divorced, they are now friendly and the witness has done

everything in his power to prevent his examination, although up to the time the present motion was made, the defendant made no effort to stop the examination of the witness, and that this motion was not made until after the witness had been adjudged guilty of contempt.

APPEAL by the defendant, Louisa Auditore, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 17th day of December, 1925, denying her motion to vacate a notice for the examination of the witness Frank Auditore before trial.

*Anthony J. Ernest* [*John B. Johnston* with him on the brief], for the appellant.

*Edward H. Wilson*, for the respondent.

JAYCOX, J.   In brief, the action is to recover certain property transferred to the defendant by the witness, who, at the time of the transfers, was the husband of the defendant.   Notwithstanding the fact that since then the witness and the defendant have been divorced, they are now very friendly.   She has signed as security for him a bond of $100,000; paid counsel fees for him, and he is now living at 137 Coleridge street, Manhattan Beach, which is also her residence and which is also the property sought to be reached in this action.   When the subpœna herein was served on the witness a notice as required by statute (Civ. Prac. Act, § 290; Rules Civ. Prac. rule 121) was served on the attorney for the defendant, but the defendant made no immediate effort, in her own name at least, to prevent the examination of the witness; but the witness left no stone unturned to prevent his examination, and it was only after the Court of Appeals denied his motion for leave to appeal from an order adjudging him guilty of contempt that he ceased his efforts in that respect.   This motion was not made until after the witness had been adjudged guilty of contempt and the order entered thereon affirmed by this court.   (215 App. Div. 89.)   The same attorney who represents the defendant in this action represented the witness in the contempt proceedings above mentioned.   When an attempt was made to serve an order of arrest upon the witness in the spring of 1924, he fled to Cuba and it required some four or five months to serve him.   It took a process server about two weeks to serve an order to show cause upon him.   These attempts to serve the witness all relate to the same matters now in controversy.   The witness, whom the plaintiff seeks to examine, is the judgment debtor named in the judgment upon which this action is based.

To justify taking the deposition of a person not a party to the action, who is not about to depart from the State, is not without

the State, does not reside more than one hundred miles from the place of trial and is not so sick or infirm as to afford reasonable ground of belief that he will not be able to attend the trial, it must be made to appear that "other special circumstances render it proper that his deposition should be taken." (Civ. Prac. Act, § 288.) No argument is necessary to show that special circumstances exist in this case permitting the examination of the witness. In every respect, except being named in the record, the witness is an adverse party, and since the institution of this proceeding has comported himself as such. Every act of the witness and all the surrounding circumstances indicate clearly and logically that the witness is unlikely to be in attendance upon the trial.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., MANNING, KAPPER and LAZANSKY, JJ., concur.

Order denying defendant's motion to vacate notice for examination of witness before trial affirmed, with ten dollars costs and disbursements.