INTERNATIONAL TRUST COMPANY, Plaintiff, v. FRANK P. KRUGER, Defendant.

Supreme Court, New York County, March 17, 1931.

*Multer & Multer*, for the plaintiff.

*Percival E. Jackson*, for the defendant.

TOWNLEY, J. Sufficient facts are disclosed to show that special circumstances here exist which warrant and authorize the examination of this witness before trial. The " special circumstances " clause in section 288 of the Civil Practice Act should be liberally construed to advance the ends of justice and to provide for an orderly procedure at the trial. (*McCullough* v. *Auditore*, 216 App. Div.

510; *Mayer* v. *New York Canners*, 217 id. 202; *Bloede Co.* v. *Devine Co.*, 211 id. 180.) Defendant has declined to disclose desired essential facts by pleading his constitutional privilege. This desired witness is shown to have been in charge of defendant's books for a period of years prior to the bankruptcy and presumably is familiar with some, if not all, of the facts and circumstances concerning which her examination is now sought. Through absence in Europe and by production of a certificate of a doctor for sickness, this witness has up to the present time avoided and prevented her examination. She evidently is not a willing and quite probably will prove a reluctant, if not a hostile, witness in respect to the plaintiff. The circumstances disclosed in these motion papers in my opinion render uncertain and doubtful her appearance as a witness on behalf of the plaintiff at the trial.

Motion for reargument is granted, and upon reargument the decision herein of February 28, 1931, denying motion to vacate the notice is adhered to, and the examination of said witness (Mary Bierbauer) in respect to all items of said notice dated February 5, 1931, shall proceed at Special Term, Part II, of this court on March 30, 1931, at eleven o'clock in the forenoon. Order signed.