In the Matter of the Estate of CHARLES L. DIMON, Deceased.

Surrogate's Court, Westchester County, March 22, 1935.

*Benn Barber* [*J. M. Lovelace* of counsel], for the Morse Dry Dock and Repair Company.

*Henry R. Barrett* [*Arthur D. Brennan* of counsel], for the administrator.

SLATER, S. This is a motion for an examination before trial and for the production and inspection of books, records and papers.

The application is pursuant to sections 288, 289 and 324 of the Civil Practice Act, and rules 122 and 140 of the Rules of Civil Practice. It is proper to join the application for examination and the application for the production and inspection of books, records and papers in the same motion. (*Matter of Smathers*, 152 Misc. 774.)

The application is made by a creditor of this estate. It has filed objections to the account of the administrator with the will annexed. The account of proceedings shows gross assets of $100,287.98. The claims filed and unpaid aggregate the sum of $1,291,590.85, made up in part by large sums of money advanced to the decedent by various steamship companies, the officers, directors and employees of which are sought to be examined in this proceeding. The decedent was engaged in the steamship business. While it is not shown that he was a stockholder in these various companies, he had very considerable financial transactions with them. These business transactions would make it appear that the decedent, at some time, was possessed of considerable wealth. The objections of this creditor refer principally to the claims filed by the various steamship companies.

Section 288 of the Civil Practice Act provides that any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. It also provides that " Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person is about to depart from the state, or is without the state, or resides at a greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, *or other special circumstances* render it proper that his deposition should be taken." (Italics mine.)

The right to an examination of a party before trial pursuant to section 288 rests in the sole discretion of the court. (*Matter of Montgomery*, 153 Misc. 419.)

Section 289 of the Civil Practice Act provides that where a corporation is a party, the testimony of its officers, directors, managing agents or employees, material and necessary, may be taken by an adverse party.

The language of section 289 relative to the examination of employees is permissive, not mandatory. To warrant such an examination before trial the employee must, generally speaking, be somewhat representative of the corporation and not one engaged in some minor duties or engaged in the details of its work, unless some

special reasoning for taking his testimony is shown. (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180.)

Upon the facts shown in the moving papers I hold that *special circumstances exist* from which it is proper that the application be granted in part. (*Bloede Co.* v. *Devine Co., supra; McCullough* v. *Auditore*, 216 App. Div. 510 [2d Dept.]; *Mayer* v. *New York Canners, Inc.*, 217 id. 202; *Gramatan National Bank & Trust Co.* v. *Sagamore Apartments, Inc.*, 241 id. 840 [2d Dept.]; *International Trust Co.* v. *Kruger*, 139 Misc. 859.)

The motion, in so far as it relates to the examination of the New York Trust Company or its officers, directors or agents is denied. The New York Trust Company is a creditor of this estate, and the facts with regard to its transactions with the decedent may be ascertained upon the trial of the objections filed herein.

The examination of the persons and corporations will be limited to ascertain whether the decedent owned any shares of stock or interest in the corporations to be examined. It will be also limited to an examination of such of the officers, directors and managing agents of the corporations mentioned who are familiar with the facts.

With regard to the examination before trial, the claimant may examine the Miami Steamship Corporation, by its officers, directors or managing agent; Delaware-Hudson Steamship Co., Inc., by its officers, directors or managing agent; Eastern Steamship Lines, Inc., by its officers, directors or managing agent; Dimon Steamship Co., Inc., by its officers, directors or managing agent; Express Steamship Corporation, by its officers, directors or managing agent; Florida Coast Steamship Co., Inc., by its officers, directors or managing agent; Coast Steamship Company, by its officers, directors or managing agent; Dimon Line, Inc., by its officers, directors or managing agent; Steamship Newport, Inc., by its officers, directors or managing agent; N. H. Campbell, individually, and United States Shipping Board, by William E. Collins or other officer or managing agent.

These examinations cannot be permitted to become " fishing expeditions " and, to avoid that result, this application is limited.

With regard to the production and inspection of books, records and papers by the Boston, New York and Southern Steamship Company, Miami Steamship Corporation, Delaware-Hudson Steamship Co., Inc., Eastern Steamship Lines, Inc., Dimon Steamship Co., Inc., Express Steamship Corporation, Florida Coast Steamship Company, Coast Steamship Company, Dimon Line, Inc., Steamship Newport, Inc., N. H. Campbell, and United States Shipping Board, the books, records and papers shown on pages 3 and 4 of the moving papers may be discovered and inspected.

The application for discovery, in so far as it relates to the New York Trust Company, is denied for the reasons already set forth.

The examination of the above-named persons and corporations and the inspection of books, records and papers will proceed upon five days' notice before Robert P. Smith, attorney at law, as referee, at a place to be designated by him in the city of New York, pursuant to rule 142 of the Rules of Civil Practice.

Submit order on notice accordingly.