PATRICK GORMAN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, Bronx County, April 21, 1945.

*Alfred T. Davison* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel* (*Thomas Gleason* of counsel), for defendant.

EVANS, J. Motion granted as to items 1, 4 and 5; motion also granted as to item 3, which is modified by striking out the words " bad, defective and dangerous ". These words represent merely opinions based on facts, and there is no reason for permitting a witness to state his opinion, although he should be allowed to state the facts, which might support such an opinion. The item is further modified to permit an examination as to how the place of the accident was lighted but the word " badly " is stricken out. Item 2 is disallowed because improperly framed. The examination shall be of C. J. Sheil, the sidewalk inspector, and not of the patrolman. The police officer is not the kind of agent or employee contemplated by section 289 of the Civil Practice Act to be examined before trial. He is merely a witness. Otherwise every policeman, fireman, garbage collector, street sweeper and every other of the thousands of employees of the City of New York, would become subject to examination before trial in every accident, even if they were connected with the accident merely as witnesses, without any special circumstances being shown to permit a mere witness to be examined before trial. There must be some connection between the agent or employee of the defendant and the accident which would permit the agent or employee to speak, in the examination before trial, on behalf of defendant, in a representative capacity, as to the accident. (See *Matter of Dimon,* 155 Misc. 311, 312, 313.) If the examination discloses that Mr. Sheil lacks knowledge, as to the matters about which he is to be examined, a further application may be made.