ALICE REDMOND, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31878.) — The State has appealed from an order of the Court of Claims which granted claimant permission to examine before trial eight inmates and one employee of a State penal institution. No issue has been raised as to the proposed examination of the employee. Claimant was an inmate of Westfield State Farms at Bedford Hills, New York. She was assigned to perform duties in a pantry at the institution and while engaged in this work the fingers of her right hand came in contact with an electric bread-slicing machine, resulting in injuries that required a partial amputation of the second and third fingers. She alleges in her claim that the State was negligent in the maintenance, operation and control of the machine; and specifically in failing to provide appropriate safeguards and give adequate instructions to those who had to operate the same. It is alleged in the supporting papers, and not denied, that claimant's counsel was refused the privilege of interviewing former fellow inmates of claimant who are still in the institution and who, it is said, are fully familiar with the relevant facts and circumstances surrounding the accident. It is also asserted that two employees of the institution, previously examined, have testified against claimant's assertion that she was given no instructions in the operation of the machine. Thus the application as a whole presents more than merely an assertion by the claimant that certain inmates know something about her case. It was formerly held that a claimant could not have an examination before trial of State employees (*Friedman* v. *State of New York*, 250 App. Div. 809); and no authority existed for an examination of other witnesses. The Legislature amended the Court of Claims Act by adding subdivision 2 of section 17 (L. 1939, ch. 860). This amendment permits examination of an officer, or an employee of the State, or any witnesses, upon proof by claimant that such examination is "material and so necessary that he cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same". Our problem is to determine whether claimant's application, liberally construed, was sufficient to invoke the discretionary power of the court below. Obviously it does not literally follow the requirements of the section. Nowhere in the supporting affidavit is it alleged that the proposed examination is so necessary that without it claimant cannot properly prepare for trial or present her claim to the court upon a trial. However, we think the court below could find proof by implication of the statutory requirements. Any trial lawyer would consider it essential to know what the witnesses of his side would testify to before he put them on the stand. The only way he can reliably get such information is to interview them, and counsel for claimant here cannot follow that practice with

the inmates involved because of their situation. Hence the only way he can get information for the purpose of preparing for trial is to examine such inmates before trial. The Legislature must have intended the phrase " so necessary " would be interpreted in conformity with what the average trial attorney would regard was essential in preparation for trial. Under such circumstances it was within the discretionary power of the Court of Claims to permit an examination. It is urged that the section cited was not intended to apply to a witness who was a prisoner. The language of the section makes no such distinction and we find no persuasive reason in support of this argument in view of the fact that the court in granting an application of this character may impose such conditions as it deems proper. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.