Bernard Ryan, P. J.
According to the pleadings these three claims arose out of an accident which occurred during a snowstorm on February 19, 1960 when an automobile owned by the State of New York and driven by Dr. Dudley A. Hill, an employee of the Department of Health, collided with persons standing upon the highway who were engaged in an attempt to free another automobile from a snowbank. The claimants seek to examine before trial not only Dr. Hill but his wife, who, it is alleged, was riding with him in the State-owned automobile. No objection is made by the defense to the examination of Dr. Hill.
Objection is made, however, to a direction in the order that Mrs. Hill be examined before trial. A requirement of subdivision 2 of section 17 of the Court of Claims Act with respect to *984 the examination of a witness other than an officer or employee of the State is that such examination is material and so necessary that a claimant cannot properly prepare for trial or present his claim to the court upon the trial without it, and that the interests of justice require such examination. The affidavits accompanying the notice of motion make such allegations. The defense has filed no affidavits in opposition. It has, however, submitted in writing an argument in which it advances the idea that an order directing the examination of a witness other than an employee must have as its foundation either that the witness alone possesses the knowledge on which the claim could be presented (A. G. Concrete Breakers v. State of New York, 4 A D 2d 739); or that the witness is under the control of the State (Redmond v. State of New York, 283 App. Div. 841 [1954]: Tralongo v. State of New York, 4 A D 2d 733); or that some special circumstances must be shown in accordance with the requirements of section 288 of the Civil Practice Act as followed in Richards v. State of New York (281 App. Div. 947 [1953]).
As long ago as 1931 the phrase “ special circumstances ” was liberally construed. (International Trust Co. v. Kruger, 139 Misc. 859; see appellate court cases therein cited.) Nearly 15 years later instances of liberal interpretation were summarized at Special Term by a Justice of the Supreme Court who subsequently had a distinguished, though lamentably short, career on the Bench of the Appellate Division, Third Department. (De Maria v. Gaidusek, 186 Misc. 340 [1946]; see cases therein cited.) Liberalization of the1 rule has continued. (Marie Dorros v. Dorros Bros., 274 App. Div. 11 [1948], cited in Frost v. Walsh, 195 Misc. 391 [1949].)
We are of the opinion that we do not need to decide whether or not special circumstances, as required by court interpretation of section 288 of the Civil Practice Act are here shown to exist. It may well be that the fact that Dr. Hill was accompanied by his wife may have had some bearing upon the question of whether or not at the time of the accident he was proceeding on business of the State. (See Burmaster v. State of New York, 7 A D 2d 775 [1958], affd. 7 N Y 2d 65.) In any event, after due consideration, we have reached the conclusion that claimants have met the requirements of section 17 of the Court of Claims Act and have established that the testimony of Mrs. Hill is material and her preliminary examination so necessary that they are entitled to the order which they seek.
The motion is granted in each case. Submit separate orders accordingly.