ANTONIO L. GANNI and GIOVANNI B. GANNI, Respondents, *v.* ARTHUR C. STALLMAN, Individually and as Surviving Partner of the Copartnership Firm of ARTHUR STALLMAN & COMPANY, Appellant.

First Department, March 17, 1922.

Depositions — examination of defendant before trial — action on contract — merits of defense of substituted contract not considered on application for examination of defendant before trial — order too indefinite which directs examination into " all other details of the said transaction " — under Code of Civil Procedure production of books and papers by individual cannot be ordered on examination before trial — books may be procured on subpœna duces tecum — interest of justice does not require application of Civil Practice Act, § 296.

On an application to vacate an order for the examination of the defendant before trial, the court will not adjudicate upon the merits of a defense, and, therefore, in an action on a contract in which the defense set up is that the original contract was abrogated and another substituted, it is not a valid objection by the defendant to the granting of an order for examination before trial as to the original contract, that that contract had been superseded by the one set up in the defense, for the plaintiff will be required to prove his cause of action as set forth and he is entitled to the examination of the defendant in relation thereto.

The order for the examination of the defendant before trial was too indefinite, however, in that it required an examination as to " all other details of the said transaction within the personal knowledge of the defendant; " this might lead to an examination into the defendant's defense and counterclaim.

It was improper for the court in the order for the examination which was made pursuant to the provisions of the Code of Civil Procedure, to direct the defendant to produce his original books of account and other books and records, for at that time there was no authority for requiring an individual or copartner to produce books and papers.

If it shall become necessary on the examination to use any books or papers of the defendant, they can be produced under a *subpœna duces tecum.*

The interest of justice does not require the application of section 296 of the Civil Practice Act to this action.

APPEAL by the defendant, Arthur C. Stallman, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 2d day of November, 1921, denying his motion to vacate an order for the examination of the defendant before trial.

*Charles W. Sinnott* of counsel, for the appellant.

*Shearman & Sterling* [*Charles A. Vilas* of counsel; *Chauncey B. Garver* with him on the brief], for the respondents.

PAGE, J.:

The action was brought to recover damages for failure of the defendant to receive certain merchandise, which it is alleged the firm of which the defendant is the surviving partner had agreed to purchase from the plaintiffs.

The complaint alleges that the contract for the purchase of the said merchandise was entered into on the 24th day of October, 1918; and alleges that on December 9, 1918, the defendant repudiated the same, notified the plaintiffs that he was the surviving partner of said firm and would not perform the same. The answer sets up that the deceased partner who made the contract was physically and mentally incapacitated at the time he made same, and sets up as a defense what they claim to be the substitutional contract entered into between them and the plaintiffs' attorney on May 15, 1919, and the failure of the plaintiffs to carry out the last agreement. The plaintiffs replied, claiming that the agreement was made to effect a settlement of the differences, but alleged that the defendant failed to carry out the same.

The order for examination of the defendant relates entirely to the agreement of October twenty-fourth. The first objection raised by the defendant is that the examination is unnecessary, as the agreement of October twenty-fourth was superseded by the agreement of May fifteenth. On an application to vacate an order for an examination before trial, we are not called upon to adjudicate upon the merits of a defense. The plaintiffs will be required to prove the cause of action set forth in their complaint, and they are entitled to the examination of the defendant in relation thereto.

The second objection is that the order is too indefinite. The order is too indefinite in that it requires an examination as to " all other details of the said transaction within the personal knowledge of the defendant." This might lead to an examination into the defendant's defense and counterclaim.

The order further directs the defendant to produce his original books of account containing entries of the transaction concerning such sale, and all other books, records, correspondence and papers having any bearing upon the matters set forth in said complaint.

The order was made pursuant to the provisions of the Code of Civil Procedure, before the Civil Practice Act went into effect. There was then no authority for requiring an individual or copartner to produce books and papers. This, under section 872 of the Code of Civil Procedure, was limited to corporations, joint stock or other unincorporated associations. If it shall develop that the production of any books or papers is necessary, they can be produced under a subpœna *duces tecum*. The interest of justice does not require the application of section 296 of the Civil Practice Act to this action. (See Civ. Prac. Act, § 1569.)

The order will be modified by striking therefrom the two above provisions, and as modified will be affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant. The date for examination to proceed to be fixed in the order. Settle order on notice.