VICTOR G. BLOEDE COMPANY, Appellant, Respondent, *v.* J. P. DEVINE COMPANY and Another, Respondents, Appellants.

Fourth Department, December 3, 1924.

Depositions — examination of corporation defendant through its president who was also defendant individually — action is based on fraud in sale of machine represented to produce dextrine from starch and also on warranty — assertion of complete defense not bar to plaintiff's right to examination before trial — examination properly granted under Civil Practice Act, § 288, though examination may disclose competitors of plaintiff — plaintiff is entitled under Civil Practice Act, §§ 288 and 289, to examine engineer, employee of corporation defendant, who is only one with knowledge of operation of machines in possession of other owners.

In an action to recover damages for fraud and deceit based on representations made by the defendants to the effect that a machine which they sold to the plaintiff for the purpose of manufacturing dextrine from starch was being successfully operated by other owners, and an action on a warranty that the defendants would repurchase within one year at seventy-five per cent of the purchase price if the machine did not work satisfactorily, plaintiff is entitled under section 288 of the Civil Practice Act to examine the corporation defendant, although the defendants assert an absolute defense, and also object to the examination on the ground that they will be compelled to disclose the names of business competitors of the plaintiff who are using the same machine.

The plaintiff is entitled under sections 288 and 289 of the Civil Practice Act to examine an employee of the corporation defendant, since it appears that he was engaged as an engineer by the corporation defendant and is familiar with the operation of the machines in possession of other owners and will be able to state whether or not those machines operate successfully; that he does not occupy a minor position with the defendant, but is, to a certain extent, representative of the corporation defendant; that said witness is not disinterested and will undoubtedly be a reluctant and unwilling witness at the trial; and that the plaintiff is without the usual opportunity to call disinterested witnesses to establish whether or not other machines were working satisfactorily as it claims defendants represented.

CROSS-APPEALS by the plaintiff, Victor G. Bloede Company, and by the defendants, J. P. Devine Company and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 17th day of September, 1924, granting plaintiff's motion for an examination before trial of the defendant Joseph P. Devine, individually and as president of the defendant corporation, and denying plaintiff's motion for the examination of a witness.

*Saperston, McNaughtan & Saperston* [*William C. Sengbusch* of counsel], for the plaintiff.

*Williams & Williams* [*William W. Dehn* of counsel], for the defendants.

DAVIS, J.:

The plaintiff seeks to examine before trial Devine, the president of the defendant corporation, and a defendant individually, and one Carroll, an employee.

The action arose over the sale by defendants to plaintiff of a machine for the manufacture of dextrine from starch. Two causes of action are stated in the complaint — one for fraud and deceit in the representations made by defendants at or preceding the sale, and the other on a warranty that the defendants would repurchase within one year at seventy-five per cent of the purchase price if the machine was not satisfactory. The plaintiff contends that it has a right to rely on its cause of action in fraud to the exclusion of that of warranty, if it so elects on the trial, because it is possible thereby for it to be more fully compensated for the damages it has sustained.

The order permitting the testimony of Devine to be taken has been granted. It sufficiently appears that his testimony may be material and necessary to establish the falsity of the representations and knowledge thereof by defendants. It is alleged in the complaint that the machine does not and will not function properly. The defendants say the plaintiff may not maintain its cause of action

on fraud because it relied solely on the warranty in making the contract. With that question we are now not at all concerned. We would not be justified in refusing the examination because defendants assert they have a perfect defense to the cause of action alleged. (*Ganni* v. *Stallman,* 200 App. Div. 485.)

It appears that at the time the contract was made the defendants declined to make known to plaintiff the names of users of these machines, who were competitors of plaintiff, " for ethical and business reasons; " but made positive assurance that the machines were in successful and practical operation. The defendants, now urging reversal, insist that these ethical and business reasons still exist and that it would be unfair to permit an examination and thereby disclose who were using similar machines for the extraction of dextrine from starch.

We think it unnecessary now to consider what discretion the court might exercise in preventing by such examination the betrayal of business secrets which might be harmful to persons not parties to the action. In this case the reasons advanced by the defendants seem to us fanciful and far fetched. If this is a successful machine in general use by manufacturers, we cannot understand why the names of the users should be such a profound secret. Without further discussion, we reach the conclusion that under the liberal policy provided in the Civil Practice Act (§ 288 *et seq.*) an examination was properly granted. (*Buehler* v. *Bush,* 200 App. Div. 206; *Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 id. 752.)

The plaintiff's appeal presents an entirely different question. Plaintiff seeks to examine one Carroll, who it is claimed is an expert machinist employed by defendants to advise and assist this plaintiff and other users of the machines in an endeavor to cause them to function properly. It appears that he has stated to plaintiff while engaged in experiments with the machine in an endeavor to make it work, that there was not one of them in practical operation anywhere, and that he " had been sent around to various places in an effort to make impossible machines function." This testimony if obtained would, of course, bear on the questions of fraud and scienter.

Ordinarily witnesses may readily be subpœnaed and called upon the trial to testify; therefore, examination of witnesses before trial is not granted with the same freedom as the examination of a party.

Section 288 of the Civil Practice Act provides not only for taking the testimony of parties before trial but that " Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person is about to depart from the State, or is without the State, or resides at a

greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken." None of the conditions just enumerated exists here, unless we may say that there are " special circumstances " which render it proper that Carroll's testimony should be taken.

Section 289 provides that where a corporation is a party the testimony of its officers, directors, managing agents or employees, material and necessary, may be taken by an adverse party. The language of this section relative to the examination of employees is permissive, not mandatory. To warrant such examination before trial the employee must, generally speaking, be somewhat representative of the corporation, and not one engaged in some minor duties or engaged in the details of its work, unless some special reason for taking his testimony is shown, under the provisions of section 288. (*Friedman* v. *N. Y. Central R. R. Co.,* 206 App. Div. 169.) The two sections (288 and 289) must be read together, and some provisions of both are applicable under the facts presented here. It appears that Carroll is not one of many employees who might be called to make the proof desired.

The defendants are charged with fraud. The persons available for witnesses who have knowledge of this new and secret machine and its workings are limited. The defendants, perhaps for satisfactory reasons, have kept secret from plaintiff the names of other purchasers. The plaintiff has little if any of the usual opportunity to call disinterested witnesses to establish whether or not other machines were working satisfactorily, as it claims defendants represented. There is good reason to expect that Carroll, an employee of the defendants, will be a reluctant and unwilling if not a hostile witness. The plaintiff could subpoena him for the trial, put him on the stand and, it may be, by examination eventually obtain the information sought. It is, as is well known in the profession, a tedious and difficult task to get testimony of value from such a witness under such circumstances. The struggle and delay involved do not create a good impression upon the court and jury, or promote the orderly progress of a trial. We have held in a somewhat similar case that these disconcerting incidents might be obviated by examination before trial. (*Marine Trust Co.* v. *Nuway Devices, Inc., supra,* 753.)

Under the present statute, permission to examine witnesses before trial must rest in the sound discretion of the court, exercised upon the particular facts presented. In this case we think examination should have been granted.

**184** FIRST CONSTRUCTION CO. *v.* RAPID TRANSIT S. CONSTR. CO.

First Department, November, 1924.                    [Vol. 211

That part of the order from which defendants appeal should be affirmed; and that part from which plaintiff appeals should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The order to be entered may fix the time and place of the examination.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

That part of the order from which defendants appeal is affirmed, and that part from which plaintiff appeals is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Time and place of examination to be fixed in order entered.