HERBERT J. HAMBLETON, Appellant, *v.* TIDE WATER OIL SALES CORPORATION, Respondent.

Fourth Department, May 6, 1925.

Depositions — examination of employee of defendant corporation — no special circumstances shown under Civil Practice Act, § 288, for examination of witnesses who are not parties nor employees — order under Civil Practice Act, §§ 296, 324, and Rules of Civil Practice, rules 140–142, as to examination of books should not limit examination to those books identified by witness.

Inasmuch as plaintiff is to have the examination of one of defendant's employees and no special circumstances are shown to exist and none of the other reasons mentioned in section 288 of the Civil Practice Act appear which would entitle

the plaintiff to the examination of witnesses who are neither parties nor employees of the parties, the examination of those witnesses should be denied.

The order, under sections 296 and 324 of the Civil Practice Act and rules 140–142 of the Rules of Civil Practice, should not have limited the plaintiff to the examination of documents and book entries of transactions identified by the witness, for the limitation places the plaintiff too much at the mercy of an unwilling witness; therefore, the words " identified by the witness as " are stricken from the order.

APPEAL by the plaintiff, Herbert J. Hambleton, from certain restrictive parts of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 18th day of February, 1925, granting the plaintiff's motion for the examination of the defendant through its proper officers or employees before trial, and for the examination of certain books and records of the defendant.

*Bull, Roberts & Hart* [*Henry Adsit Bull* of counsel], for the appellant.

*George C. Riley* [*W. A. Hendrickson* of counsel], for the respondent.

PER CURIAM:

The plaintiff has proceeded under sections 289, 292 and 294 of the Civil Practice Act for the examination before trial of a New York city representative of the defendant corporation; also, under section 288 of the Civil Practice Act, for the examination of two witnesses at Buffalo, N. Y.; and under sections 296 and 324 of the Civil Practice Act, and rules 140–142 of the Rules of Civil Practice, for the production and examination of books and records of the defendant. The order appealed from denied the application to examine the witnesses but provided for the examination of a concededly appropriate representative of the defendant and for the production of books and papers. There is no real objection to the procedure followed. The only question presented is whether or not the order as made should be modified.

Inasmuch as plaintiff is to have the examination of defendant's representative, there is no good reason at present for permitting the examination of the witnesses who are neither parties nor employees of parties. No " special circumstances " exist, nor do any of the other reasons mentioned in section 288 of the Civil Practice Act appear which would entitle the plaintiff to take the testimony of said witnesses. (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180.)

However, the order limits the plaintiff to the examination of " records, documents and book entries of transactions identified by the witness," etc. This limitation places the plaintiff too much at the mercy of an unwilling witness; therefore, the words " identified by the witness as " should be stricken from the order.

The order appealed from should be modified as above indicated and as thus modified affirmed, with ten dollars costs and disbursements to the appellant.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Order modified in accordance with the opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant.