includes *all* payments of principal and interest. Therefore, any sum remaining unpaid was subject to the guaranty up to the sum stated, $10,360. Settle order on notice.

ARTHUR GOLDSTEIN, Respondent, v. SOL FRIEDLAND and Others, Appellants.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to open plaintiff's default, to vacate order dismissing his complaint and to restore the case to the Trial Term calendar denied, with ten dollars costs. The granting of this motion was an abuse of discretion. The delay in bringing this case to trial is inexcusable. Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.

THE GRAMATAN NATIONAL BANK AND TRUST COMPANY OF BRONXVILLE, Appellant, v. SAGAMORE APARTMENTS, INC., and Others, Respondents.— Order in so far as an appeal is taken therefrom reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to vacate the notice to take the deposition of the defendants as adverse parties before trial denied — the examination to proceed at the place and hour designated in the notice five days after the entry of the order. Under the circumstances disclosed by the record the plaintiff is entitled to the exercise of the discretion of the court in its behalf for the purpose of granting examination of the defendants to enable the plaintiff to controvert defenses by avoidance. (*Palmison* v. *First National Bank & Trust Co.*, 234 App. Div. 797; *Schweinburg* v. *Altman*, 131 id. 795.) The right to examine a party, even where such party has the affirmative, rests in discretion (*Public National Bank* v. *National City Bank*, 261 N. Y. 316); and in this case such discretion is properly exercised for the purpose of facilitating the trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752, 753.) As to the examination of William A. Daly, special circumstances warranting his examination sufficiently appear so that his examination in certain respects was allowed at Special Term. (See *Bloede Co.* v. *Devine Co.*, 211 App. Div. 180, 183.) The witness cannot, of course, be compelled to divulge confidential communications. Lazansky, P. J., Carswell and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote for affirmance.

ARTHUR W. HINDERER, Appellant, v. GEORGE W. LINK and Another, Respondents.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Kapper and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote for reversal and a new trial, being of the opinion that plaintiff did not have a fair trial by reason of the remarks of the trial justice.

In the Matter of the Application of the BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK, Acting for and on Behalf of THE CITY OF NEW YORK, Pursuant to Chapter 4 of the Laws of 1891 and the Several Statutes Amendatory Thereof and Supplemental Thereto Relative to Acquiring for the Construction and Maintenance of a Municipal Rapid Transit Railroad, Certain Real Property and Rights and Easements in, through, under, on and over Certain Real Property, Situate on Prospect Avenue and Other Streets, in the Borough of Brooklyn, City of New York. PURE OIL COMPANY, Appellant; THE CITY OF NEW YORK, Respondent.— Decree, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.