Frederic W. Bartlett, Respondent, v. Francis B. Sanford, as Committee of the Property of Fanny R. M. Hitchcock, an Incompetent Person, Appellant.— The plaintiff has obtained an order directing an examination of the defendant as to certain enumerated matters and the production on such examination for discovery and inspection of certain books, papers and documents. The order also provides for the examination of Eleanor B. Gillespie as a witness on the same subject, she having been for about twenty years the secretary, nurse, companion and latterly the housekeeper of the incompetent person. The action is to recover on a contract of employment of the plaintiff by the incompetent person beginning November 1, 1924, and ending November 1, 1931. The real party in interest was not declared incompetent and the defendant was not appointed as her committee until about February 1, 1932. Therefore, he could not have had knowledge in his official capacity of the matters concerning which examination is sought and cannot properly be examined under this order. (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 295; *Nagel* v. *Nagel*, 242 id. 845.) Examination as to him should be limited as to the identification of the books, papers and documents required to be produced and to any related facts in respect thereto bearing upon the issues. The courts have not attempted to define with any degree of precision what constitutes " other special circumstances " which will permit the examination of a witness who is not a party to the action. Necessarily it must be left to a wise judicial discretion, under the circumstances presented in a particular

case, as to whether granting or refusing the examination will promote the presentation of facts in aid of justice and in the orderly progress of a trial. (*Bloede Co. v. Devine Co.*, 211 App. Div. 180, 183; *Reiss* v. *Kirkman & Son, Inc.*, 242 App. Div. 77, 79.) In this case the plaintiff cannot testify as to any personal transactions with his alleged employer, the incompetent person (Civ. Prac. Act, § 347); nor can it be expected that the incompetent person will be called upon to testify. The witness sought to be examined apparently has substantially the same knowledge that either the plaintiff or the incompetent person would have, and evidently is the only person who can testify on those subjects. Therefore, " other special circumstances " as contemplated by the provisions of section 288 of the Civil Practice Act, would exist and she should be called upon to be examined before trial instead of pursuing the more unsatisfactory course of calling her as a hostile witness on the trial. Order modified by striking out that part which requires the committee to be examined on the enumerated subjects and limiting his examination to the identification of the books, papers and documents ordered to be produced and discovered and to any related facts in respect thereto bearing on the issues; and as so modified the order is affirmed, without costs; examination to proceed on five days' notice. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.