CHARLES HEIDELL, Appellant, v. GEORGE A. MURRAY COMPANY, Defendant, and THE BOWERY SAVINGS BANK, Respondent.— Action for damages for personal injuries.· Resettled order denying plaintiff's motion for the examination of two witnesses before trial reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs; the examination to proceed on five days' notice. Both Clawson and Lent are material witnesses. Their relationship to the defendant bank and their claimed attitude prior to the bringing on of this motion establish that each of them is a reluctant, unwilling or hostile witness. Special circumstances within the meaning of section 288 of the Civil Practice Act have been made manifest and entitle the plaintiff to take the depositions. (*Bartlett* v. *Sanford*, 244 App. Div. 722; *La Bonte* v. *Long Island Railroad Co.*, 242 id. 844.) Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

LOUIS HERSCHMAN, Appellant, v. THE TRAVELERS. INSURANCE COMPANY, Respondent.— In an action to compel reinstatement of three policies of life insurance, order striking out certain paragraphs of the complaint affirmed, with ten dollars costs and disbursements. Defendant has leave to answer in ten days if answer has not already been served. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

In the Matter of the Application of SAMUEL BROWN, Respondent, against SIMON MORRISON, President, and GEORGE GUSSOFF, Secretary-Treasurer, of SAGAMOR METAL GOODS CORPORATION, and SAGAMOR METAL GOODS CORPORATION, Appellants.— Final order allowing respondent to examine certain additional records of the appellant corporation affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

In the Matter of the General Assignment for the Benefit of Creditors of BENJAMIN FELLMAN, Assignor, to RHODA SALOWITZ, Assignee, Respondent; GERBER BROS. and BENJAMIN WEISBROD, City Marshal, Appellants.— Order granting a summary application of an assignee for the benefit of creditors to compel the restoring of certain property to the assignee reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Assuming that the assignee was aggrieved, she was not entitled, under the circumstances, to the benefit of a summary order. Adequate redress was available to her under section 68 of the Municipal Court Code in the action under which the claimed wrongful replevy had been made. Moreover, it may be that she did not have actual possession of the property seized under the facts herein disclosed. (*Bullis* v. *Montgomery*, 50 N. Y. 352.) Hagarty, Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., concurs in result.