FRED L. COLE, Respondent, v. MANUFACTURERS TRUST COMPANY, EUGENE H. RECHEL, PAUL N. ROBINS, ALFRED D. RUBINS and HAROLD H. KAUFMAN, Individually and as Copartners Doing Business under the Firm Name and Style of RECHEL & Co., CHARLES K. BEEKMAN, EDWIN J. BEINECKE, EDGAR S. BLOOM, CHARLES A. DANA, ELLIS P. EARLE, CHARLES FROEB, PAOLINO GERLI, HARVEY D. GIBSON, JOHN L. JOHNSTON, CHARLES L. JONES, GEORGE MACDONALD, SAMUEL MCROBERTS, JOHN P. MAGUIRE, CHESLEY ROBERT PALMER, GEORGE PATTERSON, HAROLD I. PRATT, HAROLD C. RICHARD, HAROLD V. SMITH, J. FREDERICK TALCOTT and HENRY C. VON ELM, Appellants, and Others, Defendants.— On appeal by certain defendants from each of three orders which, respectively, deny their applications (1) to examine W. W. Freeman and other persons as witnesses before trial upon oral questions and answers, and Thomas F. Cole, plaintiff's assignor; (2) to examine plaintiff before trial, and (3) to examine Joseph B. Cotton, as a resident witness before trial:

Order (Motion No. 1) denying motion to examine W. W. Freeman and others, affirmed, without costs. The denial of the application to examine W. W. Freeman and others, as witnesses before trial, represented a proper exercise of discretion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Order (Motion No. 2) denying motion to examine plaintiff before trial modified so as to grant the motion as to items contained in the notice of motion numbered 7, 8, 9, 10 and 11, and as so modified affirmed, without costs. The denial of the application for the examination of plaintiff, except as to his proposed examination in relation to the dictograph incident, was error. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Close, J., dissents.

Order (Motion No. 3) denying motion to examine Joseph B. Cotton as a resident witness before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The examination of the witness Joseph B. Cotton before trial should have been permitted, as " other special circumstances," within the purview of section 288 of the Civil Practice Act, were shown to exist warranting such examination. (Bloede Co. v. Devine Co., 211 App. Div. 180; Mayer v. New York Canners, Inc., 217 id. 202; La Bonte v. Long Island R. R. Co., 242 id. 844; Bartlett v. Sanford, 244 id. 722; Reif v. Gebel, 246 id. 776.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Examination to proceed at a time and place to be fixed in the orders. Settle orders on notice.