SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY, BOUDINOT ATTERBURY, GUARANTY TRUST COMPANY OF NEW YORK; and PHILIP L. CARRET, PAUL A. GAMMONS and Said CLIFTON N. BRADLEY, Copartners Doing Business under the Firm Name of CARRET, GAMMONS & Co., Respondents.— Action for libel. The answers interposed to the amended complaint set out certain denials and four complete and partial defenses. Order denying plaintiff's cross motion to strike out affirmative defenses as insufficient in law affirmed. Order granting defendants motion to examine plaintiff before trial in aid of their affirmative defenses affirmed. Order granting in part and denying in part plaintiff's motion to examine defendants before trial modified by granting also plaintiff's motion to require Neil P. Cullom and John T. Harrison similarly to be examined and give testimony as material witnesses before trial; and by striking from said order the final paragraph and substituting therefor a direction that the defendants shall be required to produce

the books, records and documents specified in Schedule B annexed to the affidavit of the plaintiff; and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant. (1) The motion to strike out the defenses was not timely. It must be deemed to be controlled by rule 109 of the Rules of Civil Practice. (*Hale* v. *Hirsch*, 205 App. Div. 308; *Robinson* v. *Triangle Mechanical Laboratories Corp.*, 241 id. 658.) (2) Special circumstances within the meaning of section 288 of the Civil Practice Act have been sufficiently revealed to entitle the plaintiff to examine both Cullom and Harrison as material witnesses. Their relationship to the defendants and their alleged participation in the publications of which plaintiff complains are sufficient to indicate that each of them is likely to be a reluctant and unwilling if not a hostile witness. (*Heidell* v. *Murray Co.*, 255 App. Div. 792; *Farber* v. *DeBruin*, 253 id. 909; *Cohen* v. *Wolff*, 254 id. 897; *Rubel Corp.* v. *Rossoff*, 251 id. 868.) Their examination in advance of the trial is likely to shorten the trial itself. The provision respecting the production of books and papers is too indefinite to be enforcible. Plaintiff is entitled under the circumstances to a provision that will specify precisely what books and memoranda should be produced. The examinations should proceed on five days' notice. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. Settle order on notice.