ALFRED L. LYON, Plaintiff, *v.* FIELDGREEN REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Kings County, January 13, 1948.

*Powsner, Katz & Polinsky* for plaintiff.

*Meyer Alterman* for defendants.

WALSH, J. Plaintiff, suing for real estate brokerage commissions, seeks a further examination of the defendant corporation by one Marvin W. Lewis, as its asserted " managing agent " for the transaction in question, or, alternatively, to examine the said Lewis as a witness.

The relevancy of the information is not open to challenge, having been established by the order (November 21, 1947) heretofore made. An examination of the corporation by its president, Jesse Lewis, father of the said Marvin W. Lewis and, with his wife, one of the two owners holding all of the stock of the corporation, was had pursuant to such order and it satisfactorily appears that the examination was insufficient to elicit the information sought because the person examined was not possessed, or fully possessed, of the facts. These, it appears from the testimony adduced, were within the knowledge of the son who acted in the deal as the defendants' " attorney and broker." Defendants' assertion that the said Marvin W. Lewis is not now " an officer, director, agent or employee of the corporation " is not contradicted and the examination in that category must be denied (*Schwartz* v. *Brooklyn & Queens Transit Corp.*, 260 App. Div. 947). It must be had of him, as a witness, if at all.

It is not claimed that any of the situations exist permitting the examination of a prospective witness as set forth in section 288 of the Civil Practice Act other than the issue of " special circumstances " with which the court so frequently is confronted and so often is vexed. The well-prepared briefs of the attorneys warrant a careful study of the question presented.

Defendants take the position that the " special circumstances " prescribed in the statute must lead a court to believe that the witness sought to be examined would not be available at the trial or would evade service of a subpœna; that no such claim is advanced, and would be an unreasonable conclusion in any event as Marvin W. Lewis is a practicing attorney in this city and is an essential witness who will be called by the defendants if not by the plaintiff.

Study of the situations passed upon by the courts, particularly in this department, leads me to a rejection of such view. Conceding that such was the position under the former code practice (see *Town of Hancock* v. *First National Bank,* 93 N. Y. 82, a case cited by the defendants), it has been departed from long since. The recent decision in *Sweet* v. *Sweet* (266 App. Div. 1010), as I read it, was not a reiteration of the rule laid down in the *Hancock* case and the indicated possibility of the unavailability of the witness at the trial was only one of the factors which induced a reversal of the order denying the examination sought.

Authorities cited by the Appellate Division in the *Sweet* case, other than *Hancock* v. *First National Bank* (*supra*), alone lead to this conclusion. One of such background cases was *Bloede Co.* v. *Devine Co.* (211 App. Div. 180 [a Fourth Dept. decision]) where examination before trial of an employee of defendant corporation was sought and was given. In permitting the examination the court did not anticipate the possible absence of the witness at the trial but, on the contrary, envisaged it, stating (p. 183): " There is good reason to expect that Carroll, an employee of the defendants, will be a reluctant and unwilling if not a hostile witness. The plaintiff could subpœna him for the trial, put him on the stand and, it may be, by examination eventually obtain the information sought. It is, as is well known in the profession, a tedious and difficult task to get testimony of value from such a witness under such circumstances. The struggle and delay involved do not create a good impression upon the court and jury, or promote the orderly progress of a trial. We have held in a somewhat similar case that these disconcerting incidents might be obviated by examination before trial (*Marine Trust Co.* v. *Nuway Devices, Inc.* [204 App. Div. 752, 753])."

Admittedly the force of the language in the quoted excerpt from the decision in the *Bloede* case is weakened by the indication that the examination was granted not only under the provisions of section 288 but of section 289, as well, which, the court stated, " must be read together " (p. 183).

Many other decisions, and the interpretive expression thereon of qualified commentators, however, sufficiently establish that the position taken in this department is as indicated herein. Typical instances are to be found in *Farber* v. *DeBruin* (253 App. Div. 909); *Laruffa* v. *Astarita* (264 App. Div. 785); *Heidell* v. *Murray Co.* (255 App. Div. 792); *Bartlett* v. *Sanford* (244 App. Div. 722); *Favole* v. *Gallo* (261 App. Div. 974), and *DeLuca* v. *Kerwin* (239 App. Div. 850).

In none of such cases is it shown that possible absence at the trial was the determining consideration. Rather is it, in the main, the indicated hostility of the person sought to be examined, along with the key position occupied by such witness with respect to the information sought.

The case of *De Maria* v. *Gaidusek,* a decision in the Supreme Court of Broome County (186 Misc. 340), although cited by the defendants herein, is in fact a holding adverse to them. This case came up in the Third Department, and of course is not authority for procedure in this department. (See *Public Nat. Bank* v. *National City Bank,* 261 N. Y. 316; *Middleton* v. *Boardman,* 240 N. Y. 552.) Summarizing the general departure from the rigid attitude under the old code provisions and the viewpoint of the different departments, Mr. Justice Deyo, writing in that case, said (p. 341): " Under section 288 of the Civil Practice Act witnesses may be examined if their presence at the trial is unlikely, or for ' other special circumstances '. Under the Code of Civil Procedure (§ 872, subd. 5) the words ' other special circumstances ' were held to mean such circumstances as would make the presence of the witnesses at the trial doubtful and uncertain. (*Town of Hancock* v. *First National Bank,* 93 N. Y. 82.) The earlier decisions under the Civil Practice Act gave these words the same interpretation. (*Pardee* v. *Mutual Benefit Life Ins. Co.,* 238 App. Div. 294.) The present tendency, however, is to liberalize the interpretation of these words and to permit the examination of witnesses without a showing of unavailability at the trial where, for instance, it is shown that the witness is hostile. The cases, however, are not uniform in this regard, and we note the same difference of opinion as is present throughout the field of examinations before trial. In the First Department the courts have indicated an unwillingness to enlarge the scope of such examination beyond that permitted under the code. (*Redfield* v. *National Petroleum Corporation,* 211 App. Div. 152.) However, even in that department, the most recent cases in the lower courts seem to indicate a more liberal interpretation. (*Kotopoulos* v. *Kotopoulos,* 53 N. Y. S. 2d 932.) The Second Department has definitely adopted the more liberal practice, at least in the case of hostile or unwilling witnesses. (*Sweet* v. *Sweet,* 266 App. Div. 1010; *Reif* v. *Gebel,* 246 App. Div. 776.) The Fourth Department seems to have adopted a similar view (*Crellin* v. *Van Duzer,* 267 App. Div. 744; *Gillette* v. *Warren,* 175 Misc. 614, affd. 260 App. Div. 900; *Bloede Co.* v. *Devine Co.,* 211 App. Div. 180, although a contrary view is expressed in *Loonsk Bros., Inc.* v. *Mednick,* 246 App. Div. 464, 466). "

Discussing the "hostile witness doctrine" as applied by the courts in recent decisions, Leonard S. Saxe, Esq., Executive Secretary of the Judicial Council in an address to the Association of the Bar of the City of New York on May 4, 1943, commented as follows (in N. Y. L. J., editorial pages, Sept. 7–15, 1943): " The Second Department, following the reasoning of the court in the *Bloede* case, which was decided in 1924, greatly extended the application of section 288 by permitting the examination of a witness, if it is shown that the witness is likely to be hostile, unwilling or reluctant. It is not necessary to show that the witness will be unavailable at the trial. It is enough that the orderly procedure of the trial will be enhanced and that the examination in advance of the trial is likely to shorten and facilitate the trial itself, and to define the issues." (N. Y. L. J., Sept. 13, 1943, p. 516, col. 2.)

In *Bartlett* v. *Sanford* (244 App. Div. 722), the Appellate Division of this department said: " The courts have not attempted to define with any degree of precision what constitutes ' other ,special circumstances ' which will permit the examination of a witness who is not a party to the action. Necessarily it must be left to a wise judicial discretion, under the circumstances presented in a particular case, as to whether granting or refusing the examination will promote the presentation of facts in aid of justice and in the orderly progress of a trial. (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180, 183; *Reiss* v. *Kirkman & Son, Inc.*, 242 App. Div. 77, 79.) "

The close personal and business relationship between the defendants and the witness whose examination is herein sought, coupled with the testimony already elicited which indicates that he alone is sufficiently possessed of the facts concerning which the court has said the plaintiff has a right to inquire, in my opinion, constitutes a sufficient showing of " special circumstances " in this case (see *Farber* v. *DeBruin, DeLuca* v. *Kerwin, Laruffa* v. *Astarita, Heidell* v. *Murray Co., supra*).

The examination, of course, cannot be read at the trial if the witness himself is available — see section 304 of the Civil Practice Act — but, in addition to aiding plaintiff to prepare his case it might be utilized for purposes of impeachment, in a proper case.

The motion for an examination of Marvin W. Lewis as a witness is granted; the motion in its alternative aspects is denied.