Josephine Giunta, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, Kings County, January 13, 1948.

*Edward Larkin* for plaintiff.

*John P. McGrath, Corporation Counsel (Charles F. Leonard* of counsel), for defendant.

Walsh, J. Examination before trial is sought in this case of a prospective witness in a negligence action under the "hostility" doctrine (see opinion in *Lyon* v. *Fieldgren Realty Corp.,* 190 Misc. 700), on the ground that such witness had given a signed statement to the defendant but had expressly refused, when approached, even to discuss the accident with plaintiff's investigator or with anyone other than a representative of the defendant. The name of such witness appeared on the police "blotter" report of the accident, thus making her equally available to either side.

The attitude of this witness, possibly, is an unreasonable one. To permit it to be used, however, as a basis for examination under the circumstances set forth in the papers would, in my judgment, be an unwise, even dangerous, extension of the so-called "hostile witness" rule. Study of the cases in this department where such rule successfully has been invoked in aid

of an examination indicates the presence of other factors, such as a close or confidential relationship between the witness and the opponent, that the witness was possessed of essential information not readily available to the examining party and that it was " material and necessary " to such party.

None of these factors is here shown.

This is not a death action or one in which plaintiff was rendered unconscious or otherwise left in such plight as not to be able to give her own version of defendant's alleged negligence occasioning her injuries. So far as it appears, the prospective witness is a stranger to the defendant as well as to the plaintiff. It is not contended that she has knowledge of the accident not otherwise ascertainable. It is not shown that she will, or may be, unavailable at the trial; rather the contrary appears.

What plaintiff seeks, evidently, is merely an opportunity to cross-examine an opponent's witness in advance of trial so as to be in a position to meet her anticipated unfavorable testimony.

The assertion in the moving affidavit that the examination sought is " material and necessary " is a mere legal conclusion, without factual support.

The motion accordingly is denied.