In the Matter of PHILIP PARKER et al., Respondents, against JACK LIVSON, as Chairman of the Zoning Board of Appeals of the City of Port Jervis, et al., Appellants.— Proceeding under article 78 of the Civil Practice Act to review the determination of the zoning board of appeals of the City of Port Jervis, which annulled the determination of the city building inspector denying a permit for the erection of an addition to a nonconforming business structure in a residence zone. The appeal is by the owners of the premises from an order reversing and annulling the determination of said zoning board of appeals. Order unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

JOHN JONES, Respondent, v. FREEMAN'S DAIRY, INC., et al., Appellants.— In an action to recover damages for false arrest and malicious prosecution, the appeal is from an order on reargument, insofar as it adhered to the original decision modifying appellants' notice to examine respondent before trial and denying the production of certain books and records at said examination. Order, insofar as appealed from, affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

JOHN J. MALAGOLI, JR., an Infant, by JOHN J. MALAGOLI, His Guardian ad Litem, et al., Appellants, v. ABRAHAM BERNSTEIN et al., Respondents.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order vacating a notice served by the appellants to examine before trial Eileen Connolly as a witness. Order reversed, with $10 costs and disbursements to appellants, and motion denied, without costs. The examination shall proceed on five days' notice. The witness sought to be examined is the wife of one of the respondents and is likely to be an unfriendly, if not hostile, witness for the appellants. Inasmuch as the respondent Connolly himself has no recollection of the circumstances surrounding the accident, and his wife is apparently able to supply the information sought, special circumstances within the meaning of section 288 of the Civil Practice Act have been made manifest and entitle appellants to take the deposition. (*Zirn* v. *Bradley,* 257 App. Div. 832; *Heidell* v. *Murray Co.,* 255 App. Div. 792; *Angell* v. *Booth,* 169 Misc. 735; *Price* v. *Taylor,* 140 N. Y. S. 2d 302.) Under the circumstances disclosed, the granting of the motion was an improvident exercise of discretion. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.