J. Irwin Shapiro, J.
This is a motion by the defendant for an examination before trial of the brother and sister-in-law of the plaintiff, Sylvia Lubitz, on the ground that the blood and close relationship of these witnesses .to the plaintiff constitutes other “ special circumstances ” pursuant to section 288 of the Civil Practice Act.
*11 This is a negligence action in which the plaintiff is suing for damages arising out of personal injuries, and her husband sues for loss of services and medical expenses in connection therewith.
The accident is alleged to have occurred when the plaintiff was struck by a baggage cart operated by an employee of the defendant in the Terminal Building at the New York International Airport.
The proposed witnesses were eyewitnesses to the accident. The plaintiffs have heretofore been examined before trial and the moving papers do not reveal any complaint that the plaintiffs did not possess knowledge of the facts attendant upon the occurrence out of which the action arose.
We assume arguendo that the blood and close relationship of the proposed witnesses to the plaintiff, Sylvia Lubitz, makes them hostile witnesses. However, hostility alone is not sufficient to constitute a showing of other “ special circumstances ” pursuant to section 288 of the Civil Practice Act.
In the case of Lyon v. Fieldgren Realty Corp. (190 Misc. 700, 703-704) the court said: “ Bather is it, in the main, the indicated hostility of the person sought to be examined, along with the key position occupied by such witness with respect to the information sought. * * * The close personal and business relationship between the defendants and the witness whose examination'is herein sought, coupled with the testimony already elicited which indicates that he alone is sufficiently possessed of the facts concerning which the court has said the plaintiff has a right to inquire, in my opinion, constitutes a sufficient showing of special circumstances ’ in this case (see Farber v. De Bruin [253 App. Div. 909], De Luca v. Kerwin [239 App. Div. 850], Laruffa v. Astarita [264 App. Div. 785], Heidell v. Murray Co. [255 App. Div. 792], supra).” (Italics added.)
In Reif v. Gebel (246 App. Div. 776 [2d Dept.]) the concomitant factor was that the desired witness ‘ ‘ might not obey a subpoena ” on the trial.
In the case of Malagoli v. Bernstein (1 A D 2d 1042 [2d Dept.]), wherein the 'mtness sought to be examined was the wife of one of the parties, Connolly, the concomitant factor is stated by the court as follows: ‘ ‘ The witness sought to be examined is the wife of one of the respondents and is likely to be an unfriendly, if not hostile, witness for the appellants. Inasmuch as the respondent Connolly himself has no recollection of the circumstances surrounding the accident, and his wife is apparently able to supply the information sought, special circumstances within the meaning of section 288 of the Civil Practice. *12 Act have been made manifest and entitle appellants to take the deposition. (Zirn v. Bradley, 257 App. Div. 832; Heidell v. Murray Co., 255 App. Div. 792; Angell v. Booth, 169 Misc. 735; Price v. Taylor, 140 N. Y. S. 2d 302.) Under the circumstances disclosed, the granting of the motion was an improvident exercise of discretion.”
In the following cases cited by the movant, e.g., Zirn v. Bradley (257 App. Div. 832), the additional factor was the “ alleged participation in the publications of which plaintiff complains ”. In Sweet v. Sweet (266 App. Div. 1010), the additional factor was “ the reluctance of the witness to testify * * * or even to attend the trial as a witness ’ ’. The case of La Bonte v. Long Is. R. R. Co. (242 App. Div. 844) is a death case.
In Bloede Co. v. Devine Co. (211 App. Div. 180, 183) the examination of the proposed witness was sought to obtain the names of the users (unknown to plaintiff) of a new and secret machine, in an action in fraud, against the manufacturer thereof, based on a breach of warranty that they were working satisfactorily. In the light of these facts, the quoted excerpt in movant’s brief does not support this application.
Many of the other cases cited by movant demonstrate that the proposed witness was a participant in the acts complained of.
The rationale in the granting of these examinations, and absent in this application, is a showing that the “ ‘ orderly procedure of the trial will be enhanced and that the examination in advance of the trial is likely to shorten and facilitate the trial itself, and to define the issues’.” (Lyon v. Fieldgren Realty Corp., supra, p. 704.)
Motion denied. Order filed.