Mario Pittoni, J.
Motion in a divorce action for an order to take the deposition of the Nassau County Police and of a Nassau County detective concerning certain alleged confessions made by the defendant to them.
Section 292 of the Civil Practice Act provides that an examination before trial may be had by motion and “ upon notice to the other parties who have appeared or answered. ’ ’ The moving papers establish that the defendant has appeared in this action by attorney; but only the County Attorney was served with notice of motion. Failure to serve the defendant with notice of motion commands a denial of this motion. (Solomitz v. Steinberg, 225 App. Div. 851.)
The County Attorney, on behalf of the Police Department and detective, objects to their examination, and their position is sustained. (Zwerling v. Triangle Sheet Metal Works, 13 Misc 2d 636.) There are no special circumstances authorizing or justifying the examination of the detective. When the party seeking the examination has no personal knowledge of the fact, where the witness has special and exclusive knowledge, and where the witness is hostile, or reluctant or might not obey a subpoena on the trial, special circumstances have been shown (Mills v. Montana, 14 Misc 2d 414; Courtland v. Brown, Harris, Stevens, Inc., 6 A D 2d 789 [1st Dept.] ; Malagoli v. Bernstein, 1 A D 2d 1042 [2d Dept.]; Lubitz v. Port of New York Auth., 8 Misc 2d 10; Heidell v. Murray Co., 255 App. Div. 792 [2d Dept.]). These elements do not appear in the moving affidavit.
The questions as to whether the detective may be examined as to the confession made to the police and as to whether the Police Department may be required to produce it may run afoul of public policy. However, since the motion must be denied for reasons previously stated no useful purpose will be served by an extended discussion on this point.
Motion denied, without prejudice to a renewal.
Order signed.