■ FLORENCE F. FAAS, as Administratrix of the Estate of CHARLES T. FAAS, Deceased, Appellant, v. GENERAL ACCIDENT FIRE AND LIFE INSURANCE CO., LTD., Respondent.— Appeal from so much of an order of the Supreme Court, Special Term, Albany County, as granted defendant's motion to examine plaintiff administratrix before trial as to the assets of the estate and required her to produce all records and papers concerning the administration of the estate and the assets thereof. The complaint alleges separate causes of action for negligence and breach of contract arising out of defendant automobile liability insurance carrier's unsuccessful defense of an action brought against plaintiff's intestate; and seeks to recover, with other damages, the sum of $12,000, which is the amount of the judgment in the motor vehicle accident action remaining unsatisfied after payment by the carrier of the amount of the policy limit. In plaintiff's action brought in United States District Court for the same cause, plaintiff apparently agreed to submit to a pretrial examination on the same subjects but that court denied an examination. An opinion (not reported), per FOLEY, J., noted that the order now before us (and another with which we are not now concerned) had been made and were on appeal and held that, "The State examinations should be completed, the appeals there prosecuted or withdrawn, before this Court will entertain and decide the type motions now presented." In this action, however, plaintiff resists examination on the ground that the evidence sought by defendant is not "material and necessary" (Civ. Prac. Act, § 288), since, according to her contention, her right to recover the full amount of her claim is not dependent upon proof that she has paid the judgment or that the assets of the estate are sufficient to permit of its enforcement. There appears to be no reported case in New York decisive of the question whether such payment or ability to pay is prerequisite to recovery of damages more than nominal. The authorities in other jurisdictions are divided. (See, e.g., Schwartz v. Norwich Union Ind. Co., 212 Wis. 593; contra, Dumas v. Hartford Acc. & Ind. Co., 92 N. H. 140.) In addition to this primary question bearing on damages, and the estate's payment of, or ability to pay the judgment, defendant poses collateral questions for examination, such as the status of the estate proceedings here and those, if any, in New Jersey, the State of domicile; and the status of the judgment and of any proceedings to enforce it, here and in New Jersey, if judgment has been entered there. We consider that the order was properly granted in the exercise of Special Term's discretion, and in consonance with the

liberal practice obtaining in New York; and that the court was warranted in declining to pass upon the question of law respecting damages as premature. The examination sought seems to us proper, as well as material and necessary, to aid preliminarily in the establishment of the factual basis upon which the legal issues may ultimately be defined and resolved. Upon applications of this nature, the courts will not ordinarily attempt to adjudicate the merits. (Cf. *Ganni* v. *Stallman*, 200 App. Div. 485; *Bloede Co.* v. *Devine Co.*, 211 App. Div. 180.) We find nothing to the contrary in *Matter of Rothchild* (271 App. Div. 582, affd. 298 N. Y. 538) as there the naked legal question of construction of the language of a will was the sole issue of the proceeding as of the motion. Order unanimously affirmed, without costs.