Harold J. Crawford, J.
In an action to recover for personal injuries allegedly caused by malpractice of the defendants, a physician and a hospital, the plaintiff in a two-phased motion seeks (1) the discovery and inspection of the records of the defendant hospital, pertaining to the hospitalization of the plaintiff, and (2) the examination before trial of a third party, the United Medical Service, Inc., by an officer or employee with knowledge, with reference to the reports received by the third party from the defendants concerning the treatment of the plaintiff.
Inasmuch as the hospital is a party and the records sought concern the plaintiff’s hospitalization, the discovery and inspection is granted. (Civ. Prac. Act, § 324 ; Romano v. Mount Sinai Hosp., 150 N. Y. S. 2d 246.) The date and time of such inspection is to be fixed in the order.
The plaintiff also seeks to examine the United Medical Service, Inc., concerning the “contents” of reports submitted to it by the defendants, relating to the treatment of the plaintiff, which is the basis of this action for malpractice. Special circumstances claimed by the plaintiff which would permit the examination of this witness before trial are: “These are the only reports that would be free of suspicion of taint ” and that the witness is hostile because in a letter in reply to a request by the plaintiff’s attorney for the reports mentioned above, the United Medical Service, Inc., refused, stating: “Although I’d like to comply with your request, I am unable to send you copies of the cases in question, without written authorization from each doctor as well as from the patient.”
It would seem that what is really sought here is in effect a discovery and inspection of the records in the possession of the witness. However, such relief is unavailable since the witness is not a partv to the action. (Beasley v. Huntley Estates At Ardsley. 25 Misc 2d 43, affd. 285 App. Div. 887 ; see, also, Lipsey v. 940 St. Nicholas Ave. Corp., 12 A D 2d 414.) In any event, to examine a witness before trial upon the ground of hostility facts must be shown indicating such hostilUj': the reluctance of the witness to testify to facts relative to the plaintiff’s alleged *983 cause of action, or even to attend the trial as a witness (Sweet v. Sweet, 266 App. Div. 1010) ; and a key position occupied by such witness with respect to the information concerning the cause of action. (Lubitz v. Port of New York Auth., 8 Misc 2d 10 ; see, also, Lyon v. Fieldgren Realty Corp., 190 Misc. 700, affd. 273 App. Div. 917.)
The plaintiff has not shown that the witness here sought to be examined is hostile. Moreover, the information sought concerning the treatment of the plaintiff is available in the hospital records. The witness, therefore, is not in a key position with respect to the information concerning the treatment of the plaintiff. (Templeton v. County of Broome, 6 A D 2d 738.) The fact that these reports 11 would be free of suspicion of taint ” is not a special circumstance. (Cunningham v. Schmidt, 18 Misc 2d 326, 334.) Accordingly, the motion to examine the witness before trial is denied.