Louis Ortner, Respondent, *v.* Bankers Security Life Insurance Society, Appellant.

First Department, December 13, 1962.

*William E. Kelly* of counsel (*Casey, Lane & Mittendorf,* attorneys), for appellant.

*Harry Harris* of counsel (*Henry F. Pine* with him on the brief), for respondent.

McNally, J. The question presented is whether in an action to recover the death benefit on a policy issued to the plaintiff on the life of his business associate the defendant insurer may examine before trial as a witness the widow of the business associate.

On May 23, 1961 plaintiff and his partner, Saul Schleifer, applied in writing to defendant for a $15,000 policy on the life of Schleifer. In their application both men represented, among other things, that Schleifer was at the time in good health and free from deformity and defect; that he did not have various ailments; and had not been examined medically, except as stated.

Schleifer died of cancer within six months of the date of the policy. The answer alleges medical tests and treatment of the deceased, knowledge of which by defendant would have caused it not to issue or deliver the policy.

On May 10, 1962 defendant was examined before trial. On June 8, 1962 defendant served its notice to examine the widow of the insured as a witness before trial. Plaintiff moved for an order of vacatur. Defendant cross-moved to permit the examination. Plaintiff's motion was granted and defendant's cross motion dismissed. This appeal resulted.

This Department has established a policy of permitting the examination before trial of a hostile witness where the witness has special or exclusive knowledge of the facts in issue (*Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430, 435), the purpose being to enable the parties to unearth the facts before trial. (*Dorros, Inc.*, v. *Dorros Bros.*, 274 App. Div. 11.) (See, also, *Ettinger* v. *Commercial Travelers Mut. Acc. Assn. of America*, 266 App. Div. 876; *Favole* v. *Gallo*, 261 App. Div. 974; *Heidell* v. *Murray Co.*, 255 App. Div. 792; *Farber* v. *De Bruin*, 253 App. Div. 909; *Bartlett* v. *Sanford*, 244 App. Div. 722; *La Bonte* v. *Long Is. R. R. Co.*, 242 App. Div. 844; *De Luca* v. *Kerwin*, 239 App. Div. 850.)

The relationship of husband and wife between the deceased and the witness sought to be examined coupled with the testimony already elicited from the plaintiff would seem to indicate the witness alone is sufficiently possessed of the facts concerning which we hold defendant has a right to inquire. In *Malagoli* v. *Bernstein* (1 A D 2d 1042) the witness sought to be examined was the wife of one of the respondents who had previously been examined before trial and denied recollection of the circumstances of the accident. The court there held the wife was likely to be unfriendly and special circumstances were manifest. Reason dictates the test to be applied should be the assumed reluctance, unwillingness and hostility of the person sought to be examined along with the key position occupied by such witness with respect to the information sought.

In the instant case defendant had no knowledge of the deceased's physical complaints and medical history prior to the issuance of the policy. The examination before trial of plaintiff indicates that he had no knowledge of same. The wife of the deceased was in a peculiar and unique position to observe and acquire knowledge of his physical condition. The deceased's credibility has been challenged and it may be assumed his widow would be a reluctant, unwilling and hostile witness. A sufficient showing has thus been made of special circumstances under

section 288 of the Civil Practice Act. (*Malagoli* v. *Bernstein, supra*; *La Bonte* v. *Long Is. R. R. Co., supra*; *Bloede Co.* v. *Devine Co.*, 211 App. Div. 180, 183.) In the circumstances, in our opinion, it would be a useless gesture to compel defendant to ascertain whether or not the witness will testify on the trial. (Cf. *Reif* v. *Gebel*, 246 App. Div. 776.)

The order should be reversed, on the law and on the facts, with costs to defendant-appellant, the motion denied and the cross motion granted.

RABIN, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on June 26, 1962, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to defendant-appellant, the motion denied and the cross motion granted. Settle order on notice fixing date for examination to proceed.