■ DOMINICK SANTUCCI, as Administrator of the Estate of LOUIS SANTUCCI, Deceased, Respondent, v. HOWARD L. WOOD, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: Special Term denied defendant's motion to examine the parents of the plaintiff's intestate upon the plaintiff's claim, as set forth in the bill of particulars, that the intestate son was furnishing 30 to 35% of the support of his mother and father. The reason given for the refusal was that the defendant had examined the plaintiff, administrator and brother of the deceased, and that this examination was sufficient to enable defendant to meet this issue without further examination. The affidavit in opposition to the motion recites that portion of the brother's examination relating to the contribution made by the deceased to his parents and it clearly reveals its insufficiency for the purpose for which it was sought. The brother's knowledge of facts relating to support was clearly inadequate. The deceased lived with his parents and they are in fact the persons who will profit most from any recovery secured by plaintiff. Under these conditions the defendant has shown special circumstances which entitle him to the examination of the parents (*Lyon* v.

*Feldgren Realty Corp.*, 190 Misc. 700, affd. 273 App. Div. 917). The information sought is solely within the knowledge and possession of the parents and there is no reason why defendant should not learn of these facts before proceeding to trial (*Harrington* v. *City of Albany*, 8 A D 2d 545). (Appeal from order of Monroe Special Term denying defendant's motion to examine two witnesses before trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.