■ Lydia Weissman, Respondent, v. Mutual Life Insurance Company of New York, Appellant.— Order, Supreme Court, New York County, entered March 5, 1973, reversed, on the law, on the facts and in the exercise of discretion and plaintiff-respondent's motion for a protective order quashing subpoenas denied, without costs. The basis for Special Term's decision was alleged lack of adequate special circumstances. The motion papers are read to a contrary conclusion. The two witnesses sought to be examined are psychiatrists who were, it is said, actually present at the time plaintiff's decedent came to his death. The widow, though present, did not observe her husband's fall. Thus it appears that the two doctors, if they have knowledge of the circumstances at all, have it exclusively. Further, both doctors, one being the decedent's friend and psychiatrist, and the other, also a psychiatrist and summoned by his colleague to assist him in response to the widow's summons when her husband was in depression, may be presumed to be hostile. These factors present special circumstances. (*Ortner* v. *Bankers Security Life Ins. Soc.*, 17 A D 2d 325; CPLR 3101, subd. [a], par. [4].) Any question of professional privi-

lege may be submitted to the justice presiding in Special Term Part II. It is of no consequence that the subpoena issued for the attendance of the second doctor did not identify him properly by name. He is now sufficiently identified as Dr. Wilson. Concur — Markewich, J. P., Lane and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: While I have no quarrel with our policy of permitting pre-trial examinations of hostile witnesses who possess special or exclusive knowledge of material facts in issue (*Oertner* v. *Bankers. Security Life Ins. Co.*, 17 A D 2d 325), I would agree with Special Term that, in the instant case, defendant has failed to sustain its burden of establishing the existence of such special circumstances. Accordingly, the order appealed from should be affirmed. Settle order on notice to provide for date, time, and place of deposition.