■ GRACE SUGARMAN, Individually and as Executrix of DAVID N. SUGARMAN, Deceased, Respondent, v DOCTORS HOSPITAL, Appellant.—Appeal from the order, Supreme Court, New York County, entered December 28, 1979, unanimously dismissed as academic, without costs. Order, Supreme Court, New York County, entered March 20, 1980, granting reargument and upon reargument, adhering to the original determination, which, *inter alia,* denied the branch of defendant's cross motion to examine Cohen and Klepper as nonparty witnesses, unanimously modified, on the law, on the facts, and in the exercise of discretion, and the branch of the cross motion to examine Cohen and Klepper granted, and otherwise affirmed, without costs. In this action to recover damages for personal injuries and wrongful death, plaintiff alleges that the defendant negligently permitted her deceased husband to fall from a hospital bed. The complaint also charges the defendant with "otherwise being careless and negligent". In the defendant's demand for a bill of particulars, Item No. 4 requested that the plaintiff specify the acts of malpractice committed by the defendant. Item No. 5 of the demand requested the plaintiff to list other acts of malpractice not enumerated in its answer to Item No. 4 of the demand. However, in a letter agreement of January 13, 1978, the parties agreed that the plaintiff need not answer Item No. 4 of the demand. They further agreed that Item No. 5 of the demand should be modified so that plaintiff would be obligated to set forth "all claims". Eventually, plaintiff served her bill of particulars with an item numbered "4 and 5". A perusal of Items Nos. "4 and 5" indicates that the plaintiff was not attempting to respond to Item No. 4 of the demand that sought amplification with regard to acts of malpractice not relevant to this action. In fact, Items Nos. "4 and 5" of the bill constitute a response to Item No. 5 of the demand, as modified by the parties' agreement of January 13, 1978. Items Nos. "4 and 5" of the bill set forth defendant's negligence in permitting the decedent to fall and its subsequent negligence in maltreating the decedent after the fall. We find no reason for vacating any portion of Items Nos. "4 and 5" of the bill because the plaintiff was merely listing all her claims in accordance with the subject agreement. Furthermore, Items Nos. "4 and 5" of the bill serve to amplify the portion of the complaint referring to the fact that the defendant was "otherwise being careless and negligent". For the reasons stated, the branch of the cross motion to preclude was correctly denied. Nonetheless, Special Term should have granted the branch of the cross motion to examine Barbara Sugarman Cohen, decedent's daughter, and Dr. Mendel Klepper, his cousin, as nonparty witnesses as adequate special circumstances were presented (CPLR 3101, subd [a], par [4]). The examination of those two nonparty witnesses will assist defense counsel in preparing for trial *(Villano v Conde Nast Pub.,* 46 AD2d 118, 120). Since both Cohen and Klepper were related to the decedent, there is a likelihood that they will be hostile witnesses at trial. Moreover, Cohen has exclusive knowledge of the facts since she saw the decedent fall. She also stands to profit if his estate recovers. *(Santucci v Wood,* 19 AD2d 581.) The defendant should be permitted to examine Cohen

in New Jersey by open commission or by such other disclosure device as is appropriate. Although Klepper did not see the fall, he was in the hospital at the time and he later informed the plaintiff of the occurrence. Klepper may be examined with regard to his factual observations both before and after the fall (cf. *Weissman v Mutual Life Ins. Co. of N. Y.*, 42 AD2d 558). Settle order providing for the examination of both Cohen and Klepper. Concur— Murphy, P. J., Sandler, Ross, Silverman and Carro, JJ.